ATWOOD *v.* MAYOR AND COMMON COUNCIL OF SAULT
STE. MARIE.

1. ELECTIONS—CANVASS—RECOUNT—RETURN—CONCLUSIVENESS.
   The board of canvassers, on return of the report of a recount
   committee appointed under Act No. 267, Pub. Acts 1897, are
   under no duty to correct errors of the committee not shown
   on the face of their report.

2. COURTS—DECISIONS—STARE DECISIS.
   A former decision of this court is not binding as a precedent as to
   a point which, though involved in the decision of the case,
   was not brought to the attention of the court, nor considered
   by it.

Certiorari to Chippewa.; Steere, J. Submitted July 21,
1905. (Calendar No. 21,192.) Decided September 19,
1905.

Mandamus by Frank B. Atwood to compel the mayor
and common council of the city of Sault Ste. Marie to
issue a certificate of election. There was an order deny-
ing the writ, and relator brings certiorari. Affirmed.

*Oren, Webster & Carleton,* for relator.

*M. F. McDonald,* for respondents.

PER CURIAM. Relator and one Jacob I. Deadman
were opposing candidates for the office of treasurer of the
city of Sault Ste. Marie at the election held April 3, 1905.
On the face of the original returns relator was elected by
a majority of seven votes. When the returns were being
canvassed by respondents, who constituted the board of
canvassers, said Deadman filed a petition under Act No.
267 of the Public Acts of 1897, praying for a recount of
said votes. In accordance with the provision of the said
statute said recount was made by a committee of said
board of canvassers, who thereafter reported to said board

that said recount disclosed that said Deadman was elected by a majority of five votes. Before respondents took action upon this report, relator commenced these proceedings by filing a petition in which he specified various errors made by the committee in counting the ballots, errors which, if corrected, would elect relator, and he prayed for a mandamus compelling said respondents to issue to him, instead of to said Deadman, a certificate of election. The answer of said respondents denied any error in counting said ballots. Relator thereupon asked findings of fact respecting these disputed ballots. The trial judge refused this request, and denied the application for a mandamus. A writ of certiorari brings the proceedings before this court for review.

The writ of mandamus cannot be issued in this case, unless there is a duty on the part of canvassers to correct errors of the recount committee not shown on the face of their report. Is there any such duty imposed upon the board of canvassers? The statute answers that question in these words:

"Said board of canvassers, upon receiving the report of said committee, shall accept the same as correct, anything in the previous declaration, certificate or returns  *  *  * to the contrary notwithstanding."

This language, which requires the board of canvassers to accept the return as correct, clearly forbids the board from treating it as incorrect. Relator relies upon the case of *Christopherson* v. *Common Council of Manistee*, 117 Mich. 125. In that case the election depended upon the validity of a certain ballot, particularly described in the return of the board of canvassers to this court, but not described in the report of the recount committee. That ballot had been counted by the recount committee against relator. This court held that the ballot was void, and should not have been counted, and therefore issued the mandamus asked for. It must be conceded that there was involved in that case, as in this, the question of the

authority of the board of canvassers to correct errors made by the recount committee and not shown on the face of the committee's report, and that the issuance of the mandamus implied the existence of such authority. This question was not, however, brought to the attention of the court, and was not considered by it. Points decided in this manner are not binding as precedents. In *Molony* v. *Dows*, 8 Abb. Prac. (N. Y.), at page 331, it is said:

"If a point is essential to the decision rendered, it will be presumed that it was duly considered, and that all that could be urged for or against it was presented to the court, but, if it appears from the report of the case that it was not taken or inquired into at all, there is no ground for this presumption, and the authority of the case is proportionately weakened."

. We are not, therefore, bound to follow *Christopherson* v. *Common Council of Manistee* as a precedent. Notwithstanding that decision, we are at liberty to place, and do place, upon the statute the construction—the obvious construction—heretofore indicated.

The trial court very properly refused the mandamus, and his order should be affirmed.