EBERTS v. DETROIT, MT. CLEMENS & MARINE CITY RAILWAY.[1]

1. CARRIERS—WHO ARE PASSENGERS—PERSONS CARRIED GRATUITOUSLY—EMPLOYÉS—CONTRACT LIMITING LIABILITY.

While in defendant's employ at the place where he resided, plaintiff was ordered to work at another place, some miles distant, his wages to remain the same, but he was given a pass-book which enabled him to ride upon defendant's railway between his home and place of work, and he used the pass-book for that purpose. *Held*, that it was inferable from the testimony that the pass-book was a part of the consideration for plaintiff's services, whence he was not being carried gratuitously when riding upon it, and an agreement thereon exempting defendant from liability for negligence was not binding.

2. APPEAL AND ERROR—REVIEW—QUESTIONS CONSIDERED — QUESTIONS NOT ARGUED.

An error which, though complained of, is not argued, nor the grounds upon which it is based stated, in appellant's brief, is not ground for reversal, it being appellant's duty to state in his brief the "questions involved" (Supreme Court Rule 40), and to point out at least in what it is claimed the error consists.

[1] Rehearing denied March 31, 1908.

3. WITNESSES—EXAMINATION—CHANGE OF TESTIMONY—MATERIAL-
ITY.

Where plaintiff testified to facts from which the inference was
deducible that a pass-book given him by defendant was a
part of the consideration for his services, and that nothing was
said in regard to his having transportation on defendant's
road, his testimony on rebuttal that defendant's foreman said
he should have a certain wage and tickets to go to and from
home on was not a radical change in his testimony, and the
court did not err in permitting it.

Error to Macomb; Tappan, J., presiding. Submitted
November 18, 1907. (Docket No. 100.) Decided Feb-
ruary 15, 1908.

Case by Charles Eberts against the Detroit, Mt. Clem-
ens & Marine City Railway and others for personal in-
juries. There was judgment for plaintiff against defend-
ant Detroit, Mt. Clemens & Marine City Railway, and
it brings error. Affirmed.

*James G. Tucker* (*Brennan, Donnelly & Van De
Mark,* of counsel), for appellant.

*Franz C. Kuhn* and *John A. Weeks,* for appellee.

Defendant is a common carrier of passengers upon an
electric railway between the city of Mt. Clemens, Macomb
county, and the city of Marine City, St. Clair county.
In the lower court plaintiff recovered a verdict and judg-
ment for personal injuries sustained by him while riding
on said railway. His injuries were caused by a collision
between the car upon which he was riding—one of defend-
ant's regular passenger cars—and another car operated by
defendant. The collision was caused by the negligence of
defendant's employés managing said cars. At the time
of his injury, and for about a year prior thereto, plain-
tiff was employed by defendant as night car inspector at
its barn in Marine City. He had finished his night's
work and was being carried to his home in Mt. Clemens
upon a ticket taken from a pass-book furnished by defend-

ant. This pass-book was marked "Employé's pass-book. Good only when presented by Charles Eberts." It contained 100 tickets, each ·entitling plaintiff to ride between any two points on defendant's railway. Upon the book was printed the following notice:

"The person accepting this pass-book, in consideration thereof, assumes all risk of accident, and expressly agrees that the company shall not be liable under any circumstances, whether for negligence of their agents or otherwise, for any injury to the person or for any loss or injury to the property of the passenger using it."

Plaintiff knew of this notice and used the tickets with full understanding of its terms. Is this agreement valid? That is the only question in this case.

Plaintiff testified that he resides at Mt. Clemens and has resided there all his life; that when he first entered defendant's employ he worked at Mt. Clemens, and that shortly thereafter he was told that he would be transferred to Marine City.

"Q. What was said about your wages?

"A. I was supposed to have the same wages, $1.75 per day."

He also testified that at this time he received a pass-book precisely like the one above mentioned; that nothing was said " in regard to having transportation on the road;" that nothing was said "about the pass-book;" that he never had any conversation about the pass-book with any officer of the company; that he used the pass-book "riding backward and forward to work" between Marine City and Mt. Clemens and elsewhere as occasion demanded; that when he used all the tickets in a pass-book he turned in the cover and received a new one, and that the one upon which he was riding at the time of his injury was thus received. This was the situation of plaintiff's case at the time he rested. Defendant thereupon moved for a verdict upon the ground that as plaintiff was being carried gratuitously, his agreement was valid, and prevented recovery. This motion was denied and defendant excepted.

Defendant thereupon introduced certain testimony—the details of which are unimportant—and rested. Plaintiff was recalled and testified that when he was directed to work at Marine City, defendant's foreman, who gave the direction, said:

" He would give me a night job; $1.75 a day and tickets to go home and for use to go to work on.  *  *  *  I did ask him if that book was good to Marine City and back for my same wages and he said yes."

The trial court instructed the jury to render a verdict in plaintiff's favor, leaving to them only the question of damages.

CARPENTER, J. (*after stating the facts*).  The principal complaint of defendant is that the court erred in refusing to direct a verdict in its favor when plaintiff first rested his case.  The ground of this complaint is that the testimony of plaintiff proved that he was being carried gratuitously, and it is insisted that a common carrier of passengers may lawfully contract to exempt itself from liability for the negligent injury of a passenger being carried gratuitously.  Does the testimony of plaintiff prove that he was being carried gratuitously ?  Defendant's argument that it does rests in part upon the assumption that the furnishing of the pass-book had no relation to the plaintiff's transfer from Mt. Clemens to Marine City.  We think this assumption unfounded.  We infer from plaintiff's testimony that the pass-book was given him at the time the order of transfer was communicated. We summarize plaintiff's testimony as follows:  While in defendant's employ in Mt. Clemens where he resided, he was ordered to work at Marine City, a town some distance away; his wages were to remain the same, but he was given a pass-book which enabled him to ride upon defendant's railway between his home and his place of work, and he used said pass-book for that purpose.

We think from this testimony that it may be inferred that the pass-book was a part of the consideration for

plaintiff's services. From what was said and what was done it may justly be inferred that both parties understood that as a consideration for his services at Marine City plaintiff should receive wages of $1.75 per day and transportation between his home and the place he worked. Under this view of the testimony, the pass-book was not furnished gratuitously and plaintiff was not being carried gratuitously.

*Doyle* v. *Railroad Co.*, 166 Mass. 492 (33 L. R. A. 844), is a similar case and the decision is in harmony with these views. It was also held in that case—and this proposition I understand to be conceded by defendant—that the transportation not being gratuitous, a common carrier of passengers has no lawful right to enter into a contract exempting itself from liability for the negligence of its employés. See *Weaver* v. *Railroad Co.*, 139 Mich. 590.

It is said in appellant's brief that in any event the trial court erred in not submitting to the jury the question of plaintiff's being carried gratuitously. This complaint is not argued, nor the ground upon which it is based stated, in appellant's brief. We cannot say that this issue should have been submitted to the jury unless we decide either that the jury (*a*) had a right to discredit plaintiff's testimony, or (*b*) that they had a right to infer from that testimony that he was being carried gratuitously. Neither of these questions are argued or even suggested in appellant's brief. Neither are they argued in the brief of appellee. Under these circumstances, is it our duty to look through the record and decide them ? If it is, and if in consequence we reverse the judgment, we reverse it on a proposition upon which the appellee had no opportunity of being heard. We must therefore decline to consider them. It was appellant's duty to state in his brief the "questions involved" (Supreme Court Rule 40), and "to point out at least in what it is claimed the error consists." *Mason* v. *Partrick*, 100 Mich. 577.

It is also contended that error was committed in per-

mitting plaintiff when he was recalled, after defendant rested, to change his testimony in the manner he did. This contention rests upon the assumption that this change was radical. Under our view of his former testimony, as already appears, it was not radical. It amounted to this, that the parties expressly agreed to a provision which would otherwise be implied. We do not think the ruling under consideration erroneous.

We do not consider the proposition—elaborately and ably argued in appellant's brief—that a carrier of passengers may lawfully contract that it shall not be liable for the negligent injury of a passenger carried gratuitously. As shown by this opinion, that proposition is not presented in this case, and it would therefore be improper for us to decide it.

The judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MCALVAY, JJ., concurred.