## DICKMAN v. ENDERT.

1. HUSBAND AND WIFE—MARRIED WOMAN NOT LIABLE ON CONTRACT OF GUARANTY IN ABSENCE OF STATEMENT THAT NO CONSTRAINT WAS EXERTED.

Where contract of guaranty signed by husband and wife did not contain statement that no undue influence or constraint had been exerted against wife in its execution, as required by Act No. 158, Pub. Acts 1917, § 2, her liability thereunder could not be fixed as matter of law.

2. APPEAL AND ERROR — PARTIES — WIFE IMPROPERLY JOINED AS PLAINTIFF MAY BE DROPPED ON APPEAL.

Where wife was improperly joined with husband as party plaintiff, she may be dropped as party to cause, on appeal.

Error to Wayne; Miller (Guy A.), J.    Submitted June 6, 1929.    (Docket No. 77, Calendar No. 34,388.) Decided July 8, 1929.

Assumpsit by Alex Dickman and Mollie Dickman against Fred Endert and Emma Endert on a written guaranty.    From a judgment for plaintiffs, defendants bring error.    Plaintiff Mollie Dickman dropped as a party to the cause; reversed as to defendant Emma Endert, affirmed as to defendant Fred Endert.

*Leithauser, Brown, Charnoske & O'Donnell,* for plaintiffs.

*Hugh V. Williams,* for defendants.

Sharpe, J. Plaintiffs brought an action against the defendants to recover on a written contract of guaranty, a copy of which was annexed to the declaration. With their plea of the general issue, defendants gave notice that the defendant Emma Endert is, and was at the time the contract was made, a married woman, the wife of the defendant Fred Endert, and that the matters referred to in no way related to her separate estate, and no consideration accrued to her therefrom.

On August 9, 1928, plaintiffs moved for summary judgment. The defendant Emma Endert filed an affidavit of merits, in which she stated at greater length the facts set up in the notice attached to the plea, and further relied on Act No. 158, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 11488 [1] *et seq.*), relating to contracts made by married women and the lack of the statement required therein.

A summary judgment was entered pursuant to the motion. Defendants seek review by writ of error.

Plaintiffs here seek to hold the defendants jointly liable on a contract of guaranty. Under the statute (Act No. 158, Pub. Acts 1917, Comp. Laws Supp. 1922, § 11488 [1] *et seq.*), the disability of married women to enter into a certain class or kind of contracts is abrogated and abolished. As a condition precedent to the creation of such liability, the statute (section 2), however, provides:

"Such instrument shall contain a statement that no undue influence or constraint has been exerted against the wife in the execution thereof."

The contract sued upon contained no such statement. The lack of it was averred by the defendant Emma Endert in her affidavit of merits. Without it, her liability could not be fixed as a matter of law. As to her, the judgment must be reversed.

Counsel for the plaintiffs ask that, should we conclude that Mollie Dickman was not properly joined as a party plaintiff, "an order be entered dropping her as a party to the cause." This may be done.

The judgment as to Emma Endert is reversed and set aside, with costs to her, and no new trial ordered. The judgment as to Fred Endert is affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.