GRUSIECKI *v.* JAGLAY.

1. NEGLIGENCE—FAILURE TO TAKE CARE OF LAW SUIT.

   Where defendant undertook to take care of summary proceeding case against plaintiff, but failed to ascertain that judgment had been entered or to notify plaintiff thereof or to advise him of his rights of appeal and redemption, especially on being informed that plaintiff had money available to redeem, defendant was guilty of negligence rendering him liable for resultant damages.

On use of check stubs to refresh memory, see annotation in 68 A. L. R. 694.

2. SAME—EVIDENCE—QUESTION FOR JURY.
   > In action for damages for· defendant's alleged negligence in failing to properly take care of summary proceeding case against plaintiff after agreeing to do so, evidence *held*, sufficient to present issues of fact for jury on all elements of liability.

3. EVIDENCE—UNPROVEN COPY INADMISSIBLE—DISCRETION OF COURT.
   > Admission in evidence of copy of bill of complaint claimed to have been filed by plaintiff in another suit was properly refused, where it was not proved or admitted to be true, and no offer or attempt to identify it was made except by reading it to plaintiff before jury, nor did court abuse its discretion in prohibiting its reading before jury.

4. SAME—CHECKS—REFRESHING WITNESS' MEMORY.
   > Where witness testified that certain checks, offered in evidence, refreshed her recollection, they were properly refused admission.

5. COSTS—FAILURE TO FILE BRIEF.
   > Appellee, having filed no brief before decision of case on appeal, is not allowed costs therefor.

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted June 8, 1932. (Docket No. 48, Calendar No. 36,347.) Decided September 16, 1932.

Case by Stanislaw Grusiecki against Joseph S. Jaglay for damages caused by defendant's alleged negligence in representing plaintiff in summary proceedings. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Ira F. Morgan,* for appellant.

FEAD, J. May 26, 1926, plaintiff was in arrears in payments on a land contract. His vendors commenced summary proceedings to recover possession. Plaintiff consulted defendant, who is an insurance agent and notary public and had once examined an

abstract for him. He claims defendant agreed to take care of the case for him, and, for doing so, he paid him a fee of $25. Defendant arranged with the attorney for vendors for adjournment of proceedings from June 16th to June 23d, and again to June 30th. On the latter date judgment of restitution was entered.

Plaintiff brought this suit for damages on the ground of negligence. The negligence claimed was that defendant, being charged with the conduct of the case, did not inform plaintiff of the entry of judgment nor tell him he had five days to appeal therefrom or 30 days to redeem. Plaintiff had verdict of a jury and judgment.

Defendant claimed that his agreement with plaintiff was to secure delay in the proceedings to give plaintiff an opportunity to obtain money to put the land contract in good standing; that he failed to obtain the money; and, before the judgment, plaintiff took back his papers from defendant and all relations between them ceased.

Plaintiff claimed that their relations did not terminate until about the first of August; that he frequently called on defendant in regard to the matter; that he obtained the necessary money in July to pay all sums due on the contract, and so informed defendant, who told him it was too late; that he could and would have redeemed had he known he still had an opportunity; and, by reason of defendant's failure to inform him of the judgment and his rights, he lost the premises.

It is not claimed that defendant did not know the law relative to appeal and redemption. If their relations had not been severed, defendant's failure to ascertain the entry of judgment, to notify plaintiff of the fact, and to advise him of his rights of

appeal and redemption, especially upon being informed that plaintiff had the money available to redeem, was negligence. The court so charged the jury, no error is laid on the charge, and counsel for defendant does not deny the rule. The testimony of the parties presented issues of fact for the jury on all elements of liability.

Defendant claims error in the court refusing to admit in evidence a copy of a bill of complaint, which he claims was filed by plaintiff with reference to the transaction, and to cross-examine plaintiff thereon to show statements inconsistent with his testimony. Plaintiff denied signing a bill of complaint, the copy was not proved or admitted to be true, nor did defendant offer or attempt to identify it except by reading it to plaintiff before the jury. Admission of the instrument in evidence was properly refused, and the court did not abuse its discretion in prohibiting its reading before the jury. At all events, the copy is not in the record, and we cannot say the action of the court was prejudicial.

Defendant alleges error in the court refusing to admit in evidence checks which a witness testified refreshed her recollection. The fact that they refreshed her recollection rendered them inadmissible.

The other points presented are without merit and need no discussion.

Judgment affirmed, with costs. Appellee will have no costs for brief, as none was filed by him before decision.

Clark, C. J., and McDonald, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.