### JONES v. CITY OF DETROIT.

1. Action—Joinder of Causes of Action—Statutes.
    Statute permitting joinder of as many causes of action as plaintiff may have against defendant *held*, not to carry permission to join causes of action in more than one distinct right or capacity, solution of the question being in the distinct right or capacity of plaintiff to so join and not in the similarity of relief sought in the two cases (3 Comp. Laws 1929, § 13962).

2. Same—Public Wrong and Private Grievance May Not Be Joined.
    Taxpayer's suit to enjoin public wrong may not be joined to one brought to remedy private grievance (3 Comp. Laws 1929, § 13962).

3. Same—Injunction—Taxpayer's Suit—Private Nuisance.
    Suit by taxpayer, resident of city in which county proposed to erect garbage incinerator plants under plan for self-liquidation involving city's agreement to furnish garbage and pay for its reduction, brought to enjoin carrying out such plan because illegal *held*, misjoined to injunction suit by plaintiff as a private citizen based on ground that such plants would constitute a nuisance (Comp. Laws 1929, § 2482 *et seq.*, § 13962).

4. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—HOME RULE.

Constitutional provision authorizing one municipal corporation to establish public works either within or without its corporate limits *held*, not to vest power in one municipal corporation to act at will in another municipality and render right of home rule of cities nugatory (Const. 1908, art. 8, §§ 20–22).

5. MUNICIPAL CORPORATIONS — STATUTES — GARBAGE INCINERATOR PLANTS.

Statute preventing one municipal corporation from establishing a garbage disposal plant within corporate limits of another municipality without permit authorized by vote of its qualified electors *held*, not in conflict with, nor repealed by later statute, permitting one municipal corporation to establish self-liquidating projects, including garbage incinerator plants, within corporate limits of other municipalities, and which later statute recites it is to be construed as cumulative authority and not to repeal any existing laws (1 Comp. Laws 1929, § 2482 *et seq.*; Act No. 94, Pub. Acts 1933).

Appeal from Wayne; Toms (Robert M.) J. Submitted June 4, 1936. (Docket No. 69, Calendar No. 39,021). Decided October 5, 1936.

Bill by Davy Jones against City of Detroit, and County of Wayne, municipal corporations, and others to restrain the execution of a contract providing for the issuance of bonds for construction of garbage incinerator plants, for an injunction and other relief. From decree rendered, defendants appeal and plaintiff cross-appeals. Affirmed.

*Bratton & Bratton (A. W. Sempliner*, of counsel), for plaintiff.

*Raymond J. Kelly, John H. Witherspoon, Walter E. Vashak* and *Sweetman G. Smith*, for defendants.

WIEST, J. Davy Jones, by the bill herein, seeks a locker on a project, under which the county of

Wayne plans to erect and put in operation four garbage incinerator plants within the corporate limits of the city of Detroit, to be financed in construction, in part by an allotment of money by the public works administration of the Federal government, upon condition that the city of Detroit enter into contract with the county of Wayne for a 10-year period to furnish the incinerators with the city garbage and pay for its reduction. Under the plan negotiable bonds to the extent of the total cost, but limited to liquidation out of plant returns, have been prepared and held in escrow pending this litigation.

Plaintiff, as a resident taxpayer of the city, filed the bill to enjoin the carrying out of the plan, claiming illegality thereof and also that such plants would constitute a nuisance to his grievance as a private citizen.

The bill also questions the validity of the act of congress under which the Federal public works administration operates and the action of the Federal officers, as well as the motives of the board of supervisors for Wayne county.

Plaintiff also, as a resident taxpayer, invokes the provisions of Act No. 261, Pub. Acts 1927 (1 Comp. Laws 1929, § 2482 *et seq.*), prohibiting the establishment of the incinerators in the city without a vote of the qualified electors of the city.

It is unnecessary to state in detail such allegations.

Defendants moved to dismiss the bill and also filed an answer. The motion to dismiss was presented at the time of hearing on the bill and answer, and the court held that plaintiff could not "join with his taxpayer's suit a suit to enjoin a private grievance; that he has elected to pursue his action

as a taxpayer. That plaintiff is not directly injured nor is he threatened with direct injury as a result of the public works administration project involved for the construction of incinerators by the county of Wayne, and, therefore, plaintiff has no right to assail the constitutionality of any act of the congress of the United States authorizing the project or to attack the validity or the action of any Federal official with reference to the project,'' and dismissed such allegations in the bill but, upon plaintiff's bill, as a resident taxpayer, and the concession of counsel for defendants that: ''consent of the qualified electors of the city of Detroit for the construction of incinerators by the county of Wayne within said city in accordance with Act No. 261, Pub. Acts 1927 has not been obtained,'' entered decree permanently enjoining ''the county of Wayne, the board of supervisors of the county of Wayne, their agents, servants and employees * * * from constructing and operating incinerators within the limits of the defendant city of Detroit without first obtaining the consent of the electors thereof in accordance with Act No. 261, Pub. Acts 1927.''

Plaintiff appeals from the holding eliminating the mentioned allegations and defendants appeal from the relief granted by the decree.

Plaintiff invokes 3 Comp. Laws 1929, § 13962, which provides:

''The plaintiff may join in one action, at law or in equity, as many causes of action as he may have against the defendant.''

Plaintiff's suit, as a taxpayer, was authorized in behalf of public interest by Act No. 261, Pub. Acts 1927; it was not otherwise his personal cause of action to which he might join his individual grievance, if any. See *Archer* v. *City of Grand Rapids,* 255 Mich. 485.

In his suit as a taxpayer the cause of action was by statute and common to all taxpayers and not single in plaintiff.

In his suit based on a personal grievance the cause of action was personal and not at all inclusive of others like situated.

Such causes of action could not be joined for they were not in the same rights; one being to maintain rights public in nature and common to others as well and the other purely appertaining to his personal rights. The mentioned statute does not permit plaintiff to join causes of action in more than one distinct right or capacity. The solution of the question of joinder of causes of action is in the distinct right or capacity of plaintiff to so join and not in the similarity of injunctive relief sought.

Plaintiff's appeal is without merit.

Defendants claim authority to act without vote of the qualified electors of the city, and do so under the provisions of Act No. 94, Pub. Acts 1933, claiming that the act of 1933 repealed the act of 1927, by operation of law or by implication, and, if not, they assert that the act of 1927 is in violation of the Constitution of 1908, art. 8, § 22, which provides:

"Any city or village may acquire, own, establish and maintain, either within or without its corporate limits, parks, boulevards, cemeteries, hospitals, almshouses and all works which involve the public health or safety."

That provision does not vest power in a municipality to so act at will in another municipality. If we so held then, literally, one city might establish, at will, cemeteries in another city, or its parks and boulevards therein. The provision has sense, but not that contended for.

Act No. 261, Pub. Acts 1927 (1 Comp. Laws 1929, § 2482 *et seq.*), prevents one municipality or public corporation from establishing garbage disposal or reduction plants within the corporate limits of another municipality without permit authorized by a vote of the qualified electors, and declares any such plant, erected without such permit, a nuisance, to be abated in an action by the attorney general "or by any one or more of the property owners within the city * * * in which said * * * plant, or work is attempted to be placed in violation of the act."

Act No. 94, Pub. Acts 1933, authorizes:

"Any county, city, incorporated village, township, school district, port district, or metropolitan district, of the State of Michigan, * * * to purchase, acquire or construct housing facilities, garbage, rubbish and/ or sewage disposal plants and systems, incinerators, public markets and storage facilities, merchandise marts, * * * either within or without the limits of such county, city, incorporated village, township, school district, port district or metropolitan district, and in furtherance thereof to purchase or construct any necessary part of any such project either within or without the limits of such county, city, incorporated village, township, school district, port district or metropolitan district, of the State of Michigan."

This act does not conflict with the act of 1927, unless it be enlarged by the implication that such may be done in another municipality without the permit provided for in the act of 1927. The two acts must be construed together unless the later operates as a repeal of the earlier.

The two acts, reasonably construed, serve together. The later act concerns self-liquidating proj-

ects and thereby permits establishments, otherwise prevented by municipal bonding limitations.

The second section of the act of 1933 provides:

"This act shall be construed as cumulative authority for the purposes named in section one hereof, and as to the manner and form of issuing revenue bonds for any such purpose or purposes, and shall not be construed to repeal any existing laws with respect thereto, it being the purpose and intention of this act to create an additional and alternate method for the purposes herein named."

The act then enters upon the subject of self-liquidating issue of bonds.

We have held the act of 1933 constitutional, *Young v. City of Ann Arbor,* 267 Mich. 241, but have not held that it repeals, even by implication, the act of 1927.

Giving the act of 1933 the construction asked for by defendants would open it to serious doubt as to validity and render the right of home rule of cities nugatory.*

We hold Act No. 261, Pub. Acts 1927, constitutional and in full force and effect.

The decree is affirmed. No costs.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.

---

* See Const. 1908, art. 8, §§ 20, 21.—REPORTER.