BOSTROM *v.* JENNINGS.

1. CONFLICT OF LAWS—AUTOMOBILE ACCIDENT—CONTROLLING LAW AS
   TO RIGHT OF ACTION.
   Matters relating to the right of action for damages and injuries
   resulting from an automobile accident occurring out of the
   State are governed by laws of the State where the accident
   occurred.

2. EVIDENCE—JUDICIAL NOTICE—COMMON LAW—OFFICIAL REPORTS
   OF ADJUDICATED CASES.
   Judicial notice is taken in this State of the common law and
   the books of reports of cases adjudged by the courts of an-
   other State which purport to be published under the authority
   of that State.

3. CONFLICT OF LAWS—PROCEDURAL MATTERS—LEX FORI.
   Whether or not the Supreme Court will pass upon a question
   on appeal is a procedural question and the answer to the ques-
   tion is sought in the law of this State (Court Rule No 67, § 1
   [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 11 Am Jur, Conflict of Laws, § 182.
[2] 20 Am Jur, Evidence, § 48.
[4] 11 Am Jur, Conflict of Laws, § 16.
[5] 5 Am Jur, Automobiles, §§ 500–502.
[5] When occupants of automobile deemed to be engaged in joint
    enterprise so that negligence of one is imputable to other. 48
    ALR 1077; 63 ALR 921; 80 ALR 312; 95 ALR 857.
[6, 7] 11 Am Jur, Conflict of Laws, § 4.
[8] 14 Am Jur, Courts, §§ 73, 77.
[9] 11 Am Jur, Conflict of Laws, § 182.
[10] 38 Am Jur, Negligence, § 237.
[11] 5 Am Jur, Automobiles, § 502.
[11] Negligence of driver of automobile as imputable to members
     of joint enterprise. 85 ALR 630.
[12] 3 Am Jur, Appeal and Error, § 1008.
[15] 27 Am Jur, Husband and Wife, § 517.
[16] 39 Am Jur, Parties, § 97.
[18] 14 Am Jur, Costs, § 97.

4. SAME—AUTOMOBILES—OUT-OF-STATE ACCIDENT.

In an action between Michigan residents arising out of automobile accident occurring in Illinois, the question of whether a joint-enterprise, principal-and-agent relationship existed between the parties relates to the right of action, the substantive rights of the parties, and is governed by such Illinois law as has been declared thereon.

5. AUTOMOBILES—JOINT ENTERPRISE—ILLINOIS.

Under Illinois law a joint enterprise existed between plaintiff minister and defendant student where plaintiff, owner of car, and defendant, alternating driver when car became involved in accident in Illinois while parties were en route from Michigan to defendant's destination in Illinois and plaintiff's destination, a church in Iowa.

6. STATES—TERRITORIAL JURISDICTION.

The laws of one State do not, of their own force, have effect beyond the limits of that State.

7. CONFLICT OF LAWS—TORTS—LEX LOCI DELICTI—COMITY.

The doctrine that all matters relating to the right of action in tort cases are governed by the *lex loci delicti* depends on comity.

8. COURTS—PRECEDENTS.

When a question necessarily involved in a case and answered by the holding of the Supreme Court was neither considered by the Court nor discussed in its opinion, the answer thus arrived at is not binding as a precedent.

9. CONFLICT OF LAWS—SUBSTANTIVE RIGHTS—LEX LOCI DELICTI—LEX FORI.

While the *lex fori* is not controlling as to substantive rights of parties when *lex loci delicti* has been declared, the *lex fori* is applied in the absence of such declaration when it is a matter of common law of the State in which the cause of action arose.

10. NEGLIGENCE—JOINT ENTERPRISE—PRINCIPAL AND AGENT—IMPUTED NEGLIGENCE.

The rule of joint enterprise in negligence cases is founded on the law of principal and agent and in actions by or against a third party the negligence of the driver imputed to the passenger because of such relationship.

11. AUTOMOBILES—JOINT ENTERPRISE—IMPUTED NEGLIGENCE—OVER-RULED DECISIONS.

In an action by one member of a joint enterprise against another member for damages sustained when defendant as agent of plaintiff was operating latter's car, the negligence of defendant is not imputed to the plaintiff so as to bar recovery by latter; overruling previous cases in which a contrary rule was given effect but not considered.

12. APPEAL AND ERROR—AFFIRMANCE—TRIAL COURT'S ERRONEOUS BASIS FOR CORRECT RESULT.

Trial court's order dismissing plaintiff's declaration will be affirmed, notwithstanding trial court adopted a reason erroneous in point of law for so doing, where dismissal would have been proper on another ground advanced by defendant but rejected by the trial court even though no appeal or cross appeal was taken by defendant.

13. SAME—QUESTIONS REVIEWABLE—MISJOINDER OF PARTIES.

In action by husband individually and as administrator of estate of his deceased wife for property damage and personal injuries sustained by him and for fatal injuries to wife, sustained in Illinois automobile accident, where defendant sought dismissal of plaintiff's declaration because of misjoinder of parties plaintiff and because declaration failed to state a cause of action and trial court dismissed declaration on latter ground, plaintiff appealed and defendant took no appeal or cross appeal from failure to dismiss declaration on former ground, defendant may properly urge on appeal the misjoinder of parties plaintiff as ground for affirmance of order of dismissal.

14. PARTIES—JOINDER—DIFFERING CAPACITIES OF SINGLE PLAINTIFF.

The statute relative to joinder of parties does not authorize the joinder of plural plaintiffs unless their causes of action be joint nor permit a plaintiff to join causes of action in more than one distinct right or capacity (CL 1948, § 608.1).

15. ACTION—INDIVIDUAL—ADMINISTRATORS—JOINDER OF CAUSES.

In an action arising out of an automobile accident, the husband's cause of action for property damage and personal injuries and his cause of action as administrator of his deceased wife's estate for fatal injuries received in the accident are two distinct causes of action in nowise joint (CL 1948, § 608.1).

16. PARTIES—MISJOINDER.
    Where there is a misjoinder of parties plaintiff, it is proper to
    permit one plaintiff to be dropped at any stage and thereupon
    to proceed with the cause (CL 1948, § 612.13).

17. SAME—APPEAL AND ERROR—DISCONTINUANCE WITHOUT PREJU-
    DICE.
    Order dismissing plaintiff's cause is affirmed on the ground of
    misjoinder of parties plaintiff unless he shall, within 30 days
    after entry of modified order discontinue·case as to one of his
    capacities, either individually or as administrator of wife's
    estate, without prejudice to right to bring a separate and dis-
    tinct action in discontinued capacity against defendant and
    permitting him to proceed in capacity not discontinued.

18. COSTS—FAILURE OF EITHER PARTY TO FULLY PREVAIL.
    No costs are allowed on appeal in action where neither party
    has fully prevailed.

Appeal from Muskegon; Sanford (Joseph F.), J.
Submitted June 8, 1949. (Docket No. 13, Calendar
No. 44,402.) Decided December 7, 1949. Rehear-
ing denied January 9, 1950.

Case by Rev. Carl D. Bostrom, in his own right and
as administrator of the estate of Clara B. Bostrom,
deceased, against Robert Jennings and another for
injuries sustained in automobile accident. Discon-
tinued as to the other party. Action dismissed on
motion. Plaintiff appeals. Modified and remanded.

*Street & Sorensen,* for plaintiff.

*R. Burr Cochran,* for defendant.

DETHMERS, J. Plaintiff, in one action, sues in his
own right and as administrator of the estate of his
deceased wife to recover for property damage and
personal injuries sustained by him and for personal
injuries suffered by his wife resulting in her death.
His declaration alleges that plaintiff and wife had
desired to visit a church in Iowa to which plaintiff,

a minister of the Gospel, was considering a call; that plaintiff was to conduct a Sunday preaching service and that he and his wife were to give a mid-week musical concert in the church, proceeds from admission charges to go to plaintiff; that defendant, who lived in the same Michigan town as plaintiff and wife, desired to visit a college in Illinois with a view to enrolling as a student; that it was agreed that defendant should ride with plaintiff and wife in plaintiff's automobile to the college town and thereafter return with them to Michigan and that plaintiff would help defendant gain admission into the college; that plaintiff and defendant alternated in driving the automobile on the trip; that at a certain stage of the journey it was agreed that defendant should drive and that plaintiff then got into the back seat and went to sleep and that thereafter defendant negligently operated the automobile, causing it to become involved in an accident resulting in said injuries and damages.

Defendant moved to dismiss for misjoinder of parties plaintiff. The trial court denied the motion, finding "that the joinder of parties was proper to promote the convenient administration of justice." CL 1948, § 608.1 (Stat Ann § 27.591). Defendant filed a second motion to dismiss, alleging, among other grounds, misjoinder of parties plaintiff and failure of the declaration to state a cause of action. On the last-mentioned ground the court dismissed plaintiff's declaration, finding "that the allegations of plaintiff's declaration disclose a joint-enterprise, principal-and-agent, relationship between plaintiff and plaintiff's decedent and defendant" and that "by reason thereof no cause of action known to either statutory or common law is stated in said declaration." The basis of the court's holding was, of course, that the negligence of defendant was imputable to plaintiff and his wife as fellow members with defendant

of a joint enterprise, barring plaintiff's right to recovery.  Plaintiff appealed.

The accident happened in Illinois.  Matters relating to the right of action are governed by Illinois laws.  *Edison* v. *Keene,* 262 Mich 611; *Perkins* v. *Great Central Transport Corp.,* 262 Mich 616; *Eskovitz* v. *Berger,* 276 Mich 536.  We take judicial notice of the common law and the books of reports of cases adjudged by the courts of another State which purport to be published under the authority of that State.  *Slayton* v. *Boesch,* 315 Mich 1.

The statement of questions involved and argument in plaintiff-appellant's brief do not question, nor does either party brief, the correctness of the trial court's holding that "the allegations of plaintiff's declaration disclose a joint-enterprise, principal-and-agent, relationship."  The only reference to this holding in plaintiff's briefs is as follows:

"We wish to make it clear that we make no claim of error and do not appeal from this holding."

"The only issue before the court is:  Does the relationship of principal and agent, arising from a joint enterprise or otherwise, bar a recovery in an action between the parties?  The lower court confined its decision to this point alone and the appeal was taken on this issue alone.  It is the only issue properly before this court."

Under such circumstances is it for this Court to pass on the correctness of the holding?  The latter being a procedural question, we seek the answer in Michigan law.  See, therefore, Michigan Court Rule No 67, § 1 (1945); *Strong* v. *Kittenger,* 300 Mich 126; *Lakeside Resort Corp.* v. *Sprague,* 274 Mich 426, *Eberts* v. *Detroit, Mt. Clemens & Marine City Railway,* 151 Mich 260; *People, for use of Cook,* v. *Cole,* 139 Mich 312.  Assume, however, that the question of whether a joint-enterprise, principal-and-agent,

relationship existed between the parties is properly before us. This question relates to the right of action, the substantive rights of the parties, and is governed by Illinois law. Citation of Michigan cases as to what does or does not constitute a joint enterprise is, therefore, to no purpose when applicable Illinois law has been announced by its courts. The declaration in the instant case discloses a joint enterprise within the meaning of the decision in *Brooks* v. *Snyder*, 302 Ill App 432 (24 NE2d 55), in which it was held, when the owner, occupying his car while driven by another, retained the right to exercise control thereof and the ride was for his benefit or the mutual benefit of himself and driver, that they were engaged in a joint enterprise and that the negligence of the driver was imputable to the owner rendering the latter liable to third parties. Be that as it may. Inasmuch as plaintiff, while a passenger, possessed the right of control over his automobile and over defendant as driver thereof and the ride was for the mutual benefit of them both, can the conclusion be escaped that defendant was, at least, acting as plaintiff's agent in driving the car and that defendant's negligence would, therefore, be imputed to plaintiff if he were involved in an action by or against a third party? We cannot read the opinions and decisions in *Graham* v. *Page*, 300 Ill 40 (132 NE 817), and *Gates* v. *Mader*, 316 Ill 313 (147 NE 241), to mean anything other than precisely that. This Court upheld an instruction to that same effect in *Parks* v. *Pere Marquette Railway Co.*, 315 Mich 38, under facts very similar to those at bar. In *Farthing* v. *Hepinstall*, 243 Mich 380, we said, "The rule of joint enterprise in negligence cases is founded on the law of principal and agent. On no other theory could the negligence of the driver be imputable to a passenger." Consequently, whether we hold that a joint enterprise existed or not, in either event we are con-

fronted with a principal-and-agent relationship and it is of no consequence whether it arose out of joint enterprise or otherwise. It follows that cases applying the so-called joint-enterprise doctrine of imputed negligence are equally in point whether we conclude that the relationship between the parties was that of joint enterprise or ordinary agency. In either event, we are confronted with the question of whether the negligence of the agent-driver, imputable to his principal, the owner-passenger, in actions by or against third parties, is likewise to be imputed to him in this, his suit against his agent. Was the trial court correct in holding that the acknowledged relationship between the parties bars plaintiff's right to recover?

What is the Illinois law applicable to this question? Plaintiff cites *Chicago P. & St. L. Railway Co.* v. *Condon,* 121 Ill App 440, as controlling. Language in the opinion in that case lends support to plaintiff's contention that in Illinois the doctrine of imputed negligence has been exploded and that a member of a joint enterprise may recover from a fellow member for damages caused by the latter's negligence in furthering the objects of the joint enterprise. The facts in that case do not squarely present that question, however, inasmuch as the action was not between members of a joint enterprise, but, rather, by a member against a third party. In the later case of *Brooks* v. *Snyder, supra,* the negligence of the driver member of a joint enterprise was imputed to a passenger member, rendering the latter liable to a third party not a member of the joint enterprise. Defendant, in turn, relies on *Barnett* v. *Levy,* 213 Ill App 129. In that case the action was between members of a joint enterprise. While reference is made to the rule that the negligence of a member of a joint enterprise is imputable to another member, barring his right of recovery against third parties (citing *Beaucage* v. *Mercer,* 206 Mass 492

[92 NE 774, 138 Am St Rep 401]), it is not at all clear from the opinion that the court held that the negligence of a member of a joint enterprise is imputable to another member in actions between them. Rather, the court seems to have affirmed judgment for defendant on the ground that the record contained evidence to support a jury finding that the defendant had not been guilty of negligence and also because of a fatal variance between plaintiff's pleadings and proofs as to the relationship existing between plaintiff and defendant at the time of the accident, plaintiff having pleaded a host-guest relationship and proved a joint enterprise.

We are unable to discover that the courts of Illinois have definitely passed on the question before us. The laws of one State do not, of their own force, have effect beyond the limits of that State. The doctrine that all matters relating to the right of action in tort cases are governed by the *lex loci delicti* depends on comity. When the tort upon which suit is brought in this State occurred in another State and the cause of action arises out of a statute of that State, we have said that, in the absence of the construction of such statute by the courts of that State, we will construe it as we would a like statute of this State. *Edison* v. *Keene, supra; Perkins* v. *Great Central Transport Corp., supra.* Comparably, when a tort action brought in this State is governed by the common or unwritten law of another State and the latter has not been declared by its courts of last resort with absolute certainty, we determine the rights of the parties according to the *lex fori.* 14 Am Jur, Courts, § 88.

At this juncture plaintiff urges upon us *Bricker* v. *Green,* 313 Mich 218 (163 ALR 697), and defendant counters with *Parks* v. *Pere Marquette Railway Co., supra.* The *Bricker Case* did not hold that the negligence of a driver is not imputable to his passenger

while they are acting in furtherance of a joint-enterprise or principal-and-agent relationship existing between them. In the *Parks Case* we said, "The holding in the *Bricker Case* did not renounce the so-called rule of imputed negligence in cases where the driver of the car was under the control of the injured passenger." That very theory of control obtains in the joint-enterprise or principal-and-agent relationship. However, the *Parks Case* is not conclusive of the question now before us because it did not involve a suit between members of a joint enterprise or by a principal against his agent.

Were the question one of first impression in Michigan, we should examine with interest the decisions of other States which disclose the general rule existing in the country, outside of Michigan, that in actions between members of a joint enterprise the negligence of the defendant member is not imputed to the plaintiff member to bar the latter's right to recover against the former. For list of cases from other States see annotations in 62 ALR 442 *et seq.*, and 85 ALR 632, 633. The question has been decided in this State, however, contrary to that general rule, in *Hopkins* v. *Golden,* 281 Mich 389. It is of interest to note the antecedents to and the course by which this Court arrived at a position at variance with the general rule. In such cases as *Farthing* v. *Hepinstall, supra,* and *Hanser* v. *Youngs,* 212 Mich 508, we held, as generally held in other jurisdictions, that the contributory negligence of the driver member of a joint enterprise is imputable to a passenger member so as to bar the latter's right to recover against a third party. Then came *Frisorger* v. *Shepse,* 251 Mich 121. in which the plaintiff was the passenger member of a joint enterprise with the defendant driver of an automobile. Suit was against the driver and against his father, who owned the

automobile and with whose knowledge and consent it was being driven but who was not a member of the joint enterprise. We there affirmed a judgment on directed verdict for defendants, citing as authority the cases of *Hanser* v. *Youngs, supra,* and *Farthing* v. *Hepinstall, supra.* No consideration was given by the parties, the court below, or this Court to the question of whether a distinction should have been made between the positions of the defendant father, who was not a member of the joint enterprise, and of the defendant son who was. The *Hanser* and *Farthing Cases* were authority for a directed verdict for the former defendant but not for the latter. Thus, the question of liability between members of a joint enterprise, involved in the *Frisorger Case,* was decided without being considered. This same situation obtained in *Johnson* v. *Fischer,* 292 Mich 78, and *Bushie* v. *Johnson,* 296 Mich 8. In *Hopkins* v. *Golden, supra,* our opinion was directed chiefly to a consideration of whether plaintiff and defendant actually were engaged in a joint enterprise. Whether a distinction should be made between an action brought by a member of a joint enterprise against a fellow member and an action brought by him against a third party was neither considered nor discussed in our opinion. We appear to have assumed that in the *Frisorger Case* we had already considered and decided the proposition that the negligence of a member of a joint enterprise is imputable to a fellow member so as to bar recovery by the latter from the former. Thus, in the *Frisorger, Johnson, Bushie,* and *Hopkins Cases* we gave effect, by our decisions, to a rule which we had neither considered nor definitely determined.

When a question necessarily involved in a case and answered by our holding was neither considered by the Court nor discussed in our opinion, the answer

thus arrived at is not binding as a precedent. *Atwood* v. *Mayor and Common Council of Sault Ste. Marie,* 141 Mich 295; *Moinet* v. *Burnham, Stoepel & Co.,* 143 Mich 489; *Miller* v. *Village of Birmingham,* 145 Mich 470.

As previously noted, in *Farthing* v. *Hepinstall, supra,* we said, "The rule of joint enterprise in negligence cases is founded on the law of principal and agent. On no other theory could the negligence of the driver be imputable to a passenger." In *Grusiecki* v. *Jaglay,* 260 Mich 9, we held an agent liable to his principal for damages resulting to the principal from the agent's negligent performance of his duties as such. This is in accord with the general rule in this country under which the agent is held liable not only for damages for negligent injury done directly to the person or property of the principal but also for damages to the principal arising from his payment of compensation to third persons for injuries sustained by them as the result of the agent's negligence. It is to be observed in the latter instance that while the negligence of the agent is imputable to the principal making him liable to third parties, it is not imputable to him so as to bar his right to recover from the agent what he has been required to pay as compensation to such third parties. In this connection see 110 ALR 826 *et seq.;* 2 Am Jur, Agency, § 274. We, therefore, hold that the negligence of an agent is not imputable to his principal nor that of a member of a joint enterprise to his fellow member in an action by the latter against the former. The contrary rule, given effect but not considered, in *Hopkins* v. *Golden, supra; Frisorger* v. *Shepse, supra;* and *Johnson* v. *Fischer, supra,* and referred to in *Bushie* v. *Johnson, supra,* is overruled.

Although the trial court adopted a reason erroneous in point of law for ordering dismissal of plain-

tiff's declaration, the order will be affirmed if dismissal would have been proper on some other ground advanced by defendant but rejected by the trial court, even though the defendant took no appeal or cross appeal. *Township of Pontiac* v. *Featherstone,* 319 Mich 382; *Leith* v. *Citizens Commercial & Savings Bank,* 304 Mich 508. Consequently, defendant may properly urge at this time the misjoinder of parties plaintiff as a ground for affirmance of the trial court's order dismissing. The mentioned statute relied upon by the trial court does not authorize joinder of plural plaintiffs unless their causes of action be joint nor "permit plaintiff to join causes of action in more than one distinct right or capacity." *Jones* v. *City of Detroit,* 277 Mich 272. Plaintiff sued in 2 capacities. His individual cause of action and that in his representative capacity constituted 2 distinct causes of action in no wise joint. *Gumienny* v. *Hess,* 285 Mich 411. As such the joinder was improper. See, also, *Boman* v. *Wolverine Power Co.,* 268 Mich 59. Where there is a misjoinder of parties plaintiff it is proper to permit one plaintiff to be dropped at any stage and thereupon to proceed with the cause. CL 1948, § 612.13 (Stat Ann § 27.665); *McPeake* v. *Grand Trunk Western Railway Co.,* 242 Mich 676; *Dickman* v. *Endert,* 247 Mich 551.

The cause is remanded to the trial court with directions to modify the order dismissing to provide for dismissal of plaintiff's cause, on the ground of misjoinder of parties plaintiff, unless plaintiff shall, within 30 days after entry of such modified order, discontinue the case in one of his capacities, either individually or as administrator of the estate of Clara B. Bostrom, deceased, without prejudice to his right to bring a separate and distinct suit in such capacity against the defendant, in which event this cause may proceed and be prosecuted by plaintiff in

the capacity as to which he has not discontinued. No costs, neither party having prevailed in full.

SHARPE, C. J., and BUSHNELL, REID, BUTZEL, and CARR, JJ., concurred with DETHMERS, J.

BOYLES, J. (*concurring*). I concur in the result reached by Mr. Justice DETHMERS but do not subscribe to some of the conclusions.

The allegations of the declaration, to show a joint-enterprise or a principal-and-agent relationship, are sufficiently set out in Mr. Justice DETHMERS' opinion. I am not in accord with the conclusion that they disclose a joint enterprise or the relationship of principal and agent between plaintiff and the defendant.

In this State, the rules of law governing joint enterprise in negligence cases are founded on the laws of principal and agent or partnership. The circumstances which must be shown, to establish a joint enterprise, and to establish the responsibility of one member of a joint enterprise for the acts of another member, have been settled by former decisions.

"To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be such a community of interest in its operation as to give each an equal right of control. There must be a common responsibility for its negligent operation, and there can be no common responsibility unless there is a common right of control. It must be held that the driver is acting as the agent of the other members of the enterprise. The rule of joint enterprise in negligence cases is founded on the law of principal and agent. On no other theory could the negligence of the driver be imputable to a passenger. Being parties to the same enterprise, they are assumed to have common control and possession of the machine. Otherwise, each could not be charged

with the negligence of the other. It is not necessary to review the cases in which this question is considered. The subject is discussed and many cases are cited in the annotation to *Keiswetter* v. *Rubenstein,* 48 ALR 1049 (235 Mich 36)." *Farthing* v. *Hepinstall,* 243 Mich 380.

The foregoing is based upon the conclusions reached by the Court in an action by one who was not a member to recover damages for personal injury from the members of a joint enterprise. In holding each member liable, the Court said:

"A 'joint adventure' is defined as 'an association of two or more persons to carry out a single business enterprise for profit.' *Fletcher* v. *Fletcher,* 206 Mich 153. See, also, *Alderton* v. *Williams,* 139 Mich 296. While, under the present state of the law, courts do not treat a joint adventure as in all respects identical with a partnership, the contractual relations of the parties and nature of their association are so similar and closely akin to a partnership that it is commonly held their rights and liabilities are to be tested by the same rules that govern partnerships." *Keiswetter* v. *Rubenstein,* 235 Mich 36, 45 (48 ALR 1049).

Prior to our decision in *Bricker* v. *Green,* 313 Mich 218 (163 ALR 697), the doctrine of so-called "imputed negligence" was given more general application in our decisions. The negligence of one member of a joint enterprise was "imputable" to the other members. In *Hanser* v. *Youngs,* 212 Mich 508, the Court said:

"The important question upon this branch of the case, however, grows out of the contention of defendant's counsel that the plaintiff, Mr. Kinsler and Mr. Michaels were engaged in a common enterprise, that of getting and bringing home their winter's supply of potatoes; that it was a violation of the statute not to have the tail light burning, constituting neg-

ligence imputable to all, and that, as matter of law, such negligence was contributory negligence precluding plaintiff's right of recovery. * * * The undisputed testimony shows that Mr. Michaels, Mr. Kinsler and plaintiff were on the day in question engaged in a common enterprise, that of purchasing and bringing home their winter's supply of potatoes. Its purpose had not been accomplished nor had it been abandoned when the accident occurred. Under such circumstances the negligence of Mr. Michaels in not having the tail light burning was imputable to plaintiff. In *Beaucage* v. *Mercer,* 206 Mass 492 (92 NE 774, 138 Am St Rep 401), that court had a somewhat similar question before it, and it was said:

" 'The trial, however, seems to have proceeded upon the theory that the plaintiffs were engaged in a common enterprise, and that it still was in force at the time of the accident. So long as the joint enterprise was in force the contributory negligence of one would bar a recovery of either, provided always the negligence was in a matter within the scope of the joint agreement; and if that is to be regarded as the meaning of the instruction then it was correct.' "

The later decisions indicate that there has been no wavering in determining what the requirements are, in order to establish a joint enterprise. In *Johnson* v. *Mack,* 263 Mich 10, 16, the Court, discussing the above decisions, said:

"It is claimed, however, that plaintiff, Mack, and the other two passengers were engaged in a joint venture; that, as fellow workmen, they were using Mack's car to transport them to their place of work, and then home again. There is much confusion in the law and a conflict of authority as to what constitutes a joint enterprise in the use of an automobile. The facts in the present case, however, are clear, and show distinctly that there was no joint enterprise. The car belonged to Mack. Plaintiff

had no control over it whatever. He paid for his transportation. * * * In *Frisorger* v. *Shepse* (251 Mich 121), every member of the party had something to do with the management and control of the enterprise. All parties shared equally in the expense, and the rule of principal and agent, as set forth in *Farthing* v. *Hepinstall,* 243 Mich 380, was controlling. In the present case, plaintiff had absolutely nothing to do with the management or control of Mack's car, but on the contrary, Mack, the owner of the car, had exclusive control over it."

In *Schneider* v. *Draper,* 276 Mich 259, 266, the Court said:

"The boys were not on a common venture or joint undertaking which relieved Draper of liability, because he had sole control of the car and the other boys had no right to direct its movements. The point is clearly discussed in *Frisorger* v. *Shepse,* 251 Mich 121."

In *Laughlin* v. *Michigan Motor Freight Lines* (syllabus), 276 Mich 545, the Court held:

"In action arising out of accident in Ohio, wherein wife of driver of automobile sued common carrier for injuries sustained in collision with latter's truck, husband and wife *held,* not engaged in joint adventure in operation of automobile under record showing she neither shared the expense nor control of the car in returning to Pennsylvania with daughter from visit with relatives in Michigan."

Again, in *Hopkins* v. *Golden,* 281 Mich 389, the Court, after referring to and quoting from the above-mentioned *Keiswetter, Farthing,* and *Laughlin Cases,* said:

"Applying the foregoing to the facts of the instant case, we find that all the parties thereto wanted to go to the 'smelt run' at Beulah, Michigan. Hopkins, his wife and Miss Boots contributed the expense of

operating defendant Golden's automobile and Golden contributed the use of his machine and bore the depreciation thereon. All parties were engaged in a common enterprise for their mutual benefit and pleasure; the joint venture related to a single isolated transaction. *Fletcher* v. *Fletcher,* 206 Mich 153. Under the facts stated, the common control and possession of the automobile is to be assumed. *Farthing* v. *Hepinstall, supra.*"

In *Johnson* v. *Fischer,* 292 Mich 78, the Court, again relying upon the above cases, said:

"It is clear these parties did not sustain to each other at the time of the injury the relation of passenger and carrier for hire. It is equally clear plaintiff was not a guest passenger of defendant Mae Fischer any more than defendant was a guest of plaintiff Nettie W. Johnson. The parties were engaged in a fishing enterprise, not a beer-drinking contest. This was a joint venture, not for profit, but for pleasure and recreation with a hope of prospective reward in acquiring fish, undertaken for the mutual benefit and satisfaction of each of the parties. It had many of the usual incidents of a fishing trip. It was unfortunate the automobile got out of control, that both of the parties were injured, but the liability of the defendant Mae Fischer in this case is no greater than the liability of the plaintiff Nettie W. Johnson who induced her to take the trip. Under the undisputed evidence, the parties were engaged in a joint venture or enterprise and plaintiffs may not recover."

The controlling opinion in *Bushie* v. *Johnson,* 296 Mich 8, is not out of line with foregoing decisions. The Court said:

"Assuming, but not deciding, that the facts of the case establish a joint enterprise, such holding would not benefit the plaintiff."

Plaintiff and his wife were taking a trip to Iowa for their own purposes. The defendant had no community of interest in the purposes for which the plaintiff was going to Iowa. The only connection which the defendant had with the trip was that he was allowed to ride with plaintiff in plaintiff's automobile as far as Rock Island, Illinois, drive the automobile a part of the time, and that plaintiff was to help him get admitted to the college. The defendant in no way shared the expenses, his purpose in going to Rock Island was entirely foreign to the purpose of plaintiff in making the trip to Iowa, and the defendant had no *right* of control over the use of the automobile, the route, direction, extent or duration of the plaintiff's trip. The fact that the defendant was at the time of the accident in control of the automobile to the extent that he was then the driver, does not establish the "right of control." In *Parks* v. *Pere Marquette Railway Co.,* 315 Mich 38, the Court said:

"In connection with appellant's discussion of the foregoing phase of the instant case, it is contended that the burden of proof is upon the defendant to show 'that the passenger-owner has retained the right and power to control the automobile in which he is riding in order that contributory negligence may be imputed from the driver to the passenger-owner.' We are not in accord with this contention. This issue of control would be involved in the question of whether a plaintiff was free from contributory negligence, and the burden of so showing rests on a plaintiff. *Pulford* v. *Mouw,* 279 Mich 376. Further, the undisputed record in this case is wholly inconsistent with any other conclusion except that plaintiff's decedent up to and including the instant of the accident at all times had the right of control.

" 'The plaintiff, because of her ownership of the automobile and her presence therein, was prima facie in control of its operation on the occasion in

question.  The mere fact that the plaintiff did ·not actually exercise control did not warrant a finding that she had abandoned her right to control.'  *Guy* v. *Railway Co.* (syllabus), 289 Mass 225 (193 NE 740).

"'As respects imputed negligence, when owner of automobile is riding in it while another is driving, inference is warranted that owner retained right to control its operation, in the absence of controlling evidence to the contrary.'  *Foley* v. *Hurley,* 288 Mass 354 (headnote, 193 NE 2)."

Nor does the fact that plaintiff ·had promised to help the defendant get enrolled in the college at Rock Island, plus the fact that the defendant was to drive the automobile part of the time, establish a joint-adventure, a partnership, or a principal-and-agent relationship.

I think we are in accord that in this case the question whether the facts and circumstances establish a joint-enterprise or principal-and-agent relationship is before us for decision.  If there was no such relationship between the plaintiff and the defendant as members of a joint enterprise, or principal and agent as that term is used in our decisions defining joint enterprise, that basis for imputing the defendant's negligence to the plaintiff is eliminated from the case.  In this case there is no need to overrule former decisions of the Court involving joint enterprise.  In that connection, it is proper to note that the decisions which have been ably analyzed, discussed, and overruled by Mr. Justice DETHMERS were handed down prior to our decision in *Bricker* v. *Green, supra,* and at a time when this Court adhered to the doctrine of imputing to the passenger in an automobile the negligence of the driver.  When the occasion arises, imputed negligence, generally the controlling element in those earlier cases, may well be

reviewed in the light of *Bricker* v. *Green,* in which case the Court said:

"As a result of our study and observation we are convinced that in the long run the application of the rule is more harmful than helpful and results in more injustice than it prevents; and that we should not continue the invariable application of the so-called imputed negligence rule merely and solely on the ground that the injured person was a voluntary, gratuitous passenger in an automobile, the driver of which was guilty of negligence which was a contributing proximate cause of an accident and injury to such passenger."

The facts in this case do not involve the question of the liability of either the plaintiff or the defendant to another, a third party, in an action charging them, or either of them, with negligence. Nor does this case involve the question of liability of a third party to either the plaintiff or the defendant in the instant case. This is an action by the plaintiff owner and passenger against the defendant driver, to recover damages for the alleged negligence of the defendant. It does not involve third-party liability. I hold that the facts and circumstances of this case do not establish a joint-enterprise or a principal-agent relationship between the parties in the case. If that is a correct conclusion, our decisions defining joint enterprise, or the relationship of principal and agent in the limited sense in which that term is used in its application to joint enterprise, and defining the liability of one member of a joint enterprise to answer in damages to another member, are not in point in the case at bar. The answer to the question here involved is in the *Bricker Case.* The negligence of the defendant driver is not imputed to his temporary passenger, the plaintiff. *Bricker* v. *Green, supra.*

The relationship between this plaintiff and defendant not being that of members of a joint enter-

prise, or principal and agent, what is it? Apparently, the necessary incidents of a master-and-servant relationship are lacking. The facts do not establish that the defendant was an employee of the plaintiff. Their relationship was more nearly that of a naked license or permit, where the owner of an automobile, while riding in the vehicle, allows another to drive it. In the sense here used, a license means "to confer on a person the right to do something which otherwise he would not have the right to do." 33 Am Jur, "Licenses," § 2, p 325.

"The object of a license is to confer a right that does not exist without a license." *Chilvers* v. *People,* 11 Mich 43, 49.

"The popular understanding of the word license undoubtedly is, a permission to do something which without the license would not be allowable. This we are to suppose was the sense in which it was made use of in the Constitution. But this is also the legal meaning. 'The object of a license,' says Mr. Justice MANNING, 'is to confer a right that does not exist without a license.'—*Chilvers* v. *People,* 11 Mich 43, 49." *Youngblood* v. *Sexton,* 32 Mich 406, 419 (20 Am Rep 654).

The general understanding of a license is stated in Webster's New International Dictionary (2d ed), p 1425, as follows:

"License, license, *n* * * * Authority or liberty given to do or forbear any act; permission to do something."

Such a license may be either oral or written. A familiar example is an oral permit to enter upon the lands of another for a particular purpose. *Marshall* v. *Heselschwerdt,* 304 Mich 664; *Frank* v. *Coyle,* 310 Mich 14.

As before indicated, this is not a case involving liability between the owner of an automobile and

a third party for the negligence of one who was allowed to drive the automobile with the owner's knowledge and consent. CL 1948, § 256.29 (Stat Ann § 9.1446). The relationship between these parties has no legal significance here beyond the fact that, under our decision in *Bricker* v. *Green, supra;* which controls here, the negligence of the defendant driver is not imputable to the plaintiff owner who was temporarily a passenger in his own automobile.

Except as indicated herein, I am in accord with the conclusion reached by Mr. Justice DETHMERS to the effect that there was a misjoinder of causes of action and a misjoinder of parties plaintiff. In this case the plaintiff sues in his individual capacity and also as administrator of the estate of his deceased wife. There were 2 causes of action, which were not joint, and the joinder was improper. In legal effect, under the circumstances of this case, there were 2 plaintiffs—Carl D. Bostrom in his own right, and Carl D. Bostrom as administrator of the estate of Clara B. Bostrom, deceased. Under these circumstances, joinder is not permitted.

"The plaintiff may join in 1 action, at law or in equity, as many causes of action as he may have against the defendant, * * *. but when there is more than 1 plaintiff, the causes of action joined must be joint." CL 1948, § 608.1 (Stat Ann § 27.591).

On the grounds stated herein, I concur in remanding the case to the trial court, affirming the order of dismissal unless the plaintiff within 30 days enters a consent to the dismissal of one of said separate causes, which may be without prejudice to bringing a separate suit as to such cause. In the event of such dismissal the present action at law will not be defeated by the misjoinder of parties (CL 1948, § 612.13 [Stat Ann § 27.665]) and the trial court will retain jurisdiction over further proceedings in the

case. No costs, each party having prevailed only in part on this appeal.

NORTH, J., concurred with BOYLES, J.