ROGERS v. YOUNGS.

1. MOTOR VEHICLES—GREAT WEIGHT OF EVIDENCE.
   In action for personal injuries caused by automobile collision, where testimony in irreconcilable conflict was ample to justify verdict for either party, verdict for plaintiff cannot be said to be against great weight of evidence.

2. EVIDENCE—PERMANENT INJURIES.
   In action for personal injuries, there was no error in admitting testimony by physician as to plaintiff's injuries and that they would very likely become permanent.

3. DAMAGES—EXCESSIVE VERDICT—FUTURE EARNINGS.
   Where, in personal injury case, after deducting expenses and loss of earnings of $14 a week there was only about $1,200 left to compensate plaintiff, 63-year old woman with life expectancy of 12.26 years, for pain and suffering and loss of future earnings, verdict for $2,500 cannot be said to be excessive.

Excessiveness of verdicts in actions for personal injuries not resulting in death, see annotation in L. R. A. 1915F, 30; 46 A. L. R. 1230.

4. SAME—LOSS OF PROFITS.
 In action for personal injuries, testimony as to plaintiff's loss of profits in being unable to keep roomers and boarders was admissible as against objection that they were too problematical.

5. SAME—EVIDENCE.
 On question of plaintiff's loss of profits in being unable to keep roomers and boarders after accident, testimony as to cost of food should have been received.

6. APPEAL AND ERROR—LOSS OF PROFITS.
 Defendant having objected to testimony which would have given information as to loss of profits is thereby precluded from complaining that question in regard to loss of profits was too general.

7. TRIAL—INSTRUCTIONS—CHARGE MUST BE READ AS WHOLE.
 Charge must be read as whole in order to determine whether there is error therein.

8. APPEAL AND ERROR—TRIAL—INSTRUCTIONS—CURING ERROR.
 Error, if any, in charging that collision occurred in residential district of village, where speed limit is 20 miles an hour, was not prejudicial in view of further charge that it was defendant's duty to drive at careful and prudent speed, having due regard to traffic, width of highway, and at speed not greater than would permit him to bring his car to stop within assured clear distance ahead.

9. SAME—REQUESTS TO CHARGE.
 Failure of court to charge that it was equally duty of both parties to drive in careful manner may not be complained of on review in absence of request therefor, or that charge be corrected or amplified.

Error to Allegan; Miles (Fred T.), J. Submitted October 10, 1930. (Docket No. 59, Calendar No. 35,152.) Decided December 2, 1930.

Case by Amelia Rogers against Ralph Youngs for personal injuries sustained in an automobile accident. From judgment for plaintiff, defendant brings error. Affirmed.

*Leo W. Hoffman* and *Harry Pell* (*Albert M. Stern,* of counsel), for plaintiff.

*Frank F. Ford,* for defendant.

Butzel, J. Plaintiff sustained injuries through a collision between her car and that of defendant while she was driving on road M-89, within the village of Plainwell, and going in a westerly direction to Otsego, Michigan. Defendant was driving his car in an easterly direction. The case illustrates how parties and their witnesses can see or at least testify to facts that are irreconcilably conflicting. Plaintiff and her witnesses insist that she was on the extreme northerly side of the road, and that defendant drove his car into her, while defendant and his witnesses are equally positive that he was on the extreme southerly side of the road and that plaintiff solely was responsible for the collision. There was ample testimony to justify a verdict in favor of either party by a jury which had the opportunity of seeing the witnesses. The verdict was not against the great weight of testimony, as claimed by defendant, as grounds for reversal.

Plaintiff showed that, as a result of the collision, her back and shoulder were wrenched; that her foot was caught between the steering gear and the clutch, so that it immediately became swollen, her toe bled profusely, and that blood poisoning set in; that the leg did not heal for 15 months; that she had much pain and suffering, and that she still is suffering and incapacitated. Dr. Whitney, who testified in her behalf, impresses us with the truthfulness and sincerity of his testimony, although he did not use a stethoscope to ascertain plaintiff's heart condition, nor did he take an X-ray of the foot and leg. After some hesitation he did positively testify that

plaintiff's injuries were very likely to become permanent, and that probably she would continue to suffer in a lesser degree, and would only have from 40 to 50 per cent. of the use of her left leg, so that the injury would be likely to permanently incapacitate her to that extent. There was no error in admitting his testimony.

Plaintiff showed that she had lost $14 a week through being obliged to discontinue the keeping of roomers and boarders in her 11-room house. She showed that her profits or earnings amounted to $14 a week, and that she was steadily engaged in this line of work for the major portion of each year. She further showed that she had either expended or incurred obligations for medical services, drugs, a practical nurse, washing, and also for laundry and housework that she previously attended to herself, a sum aggregating approximately $800. The jury awarded her $2,500, so that, after deducting the items enumerated, there would be only $1,200, or thereabouts, left to compensate her for the pain and suffering, and for what she might have earned in the future. She was a woman 63 years of age, and her expectancy, under the mortality tables, which were introduced, was 12.26 years. Under the circumstances, the jury did not award her such a large sum for the loss of future earnings so that it can be considered excessive, as is claimed by defendant as another ground for reversal.

Exception was taken to the question asked plaintiff as to her loss of profits in not being able to keep 2 or 3 roomers and boarders, the same as she had done before she sustained the injuries. Counsel for defendant calls our attention to cases where testimony in regard to profits was excluded. In these cases the profits were problematical, remote and

dependent upon the fluctuating price of labor, materials, and other certain contingencies that are apt to arise in the conduct of a business. In these cases the loss of profits and other expenses incurred were not set forth in the declaration, as was specifically done in the present case. There was no error in permitting plaintiff to give testimony in regard to profits under the circumstances of the present case. The case of *Ludwigsen* v. *Larsen*, 227 Mich. 528, reaffirms the case of *Allison* v. *Chandler*, 11 Mich. 542, which case is referred to as being probably more often quoted than any other decision of this court. On page 560 of the latter case the court states as follows:

"Past profits, therefore, could not safely be taken as the exact measure of future profits; but all the various contingencies by which such profits would probably be affected should be taken into consideration by the jury, and allowed such weight as they, in the exercise of good sense and sound discretion, should think them entitled to. Past profits in such cases, where the business has been continued for some length of time, would constitute a very material aid to the jury in arriving at a fair probable estimate of the future profits, had the business still continued without interruption.

"Accordingly such past profits have been allowed for this purpose, both in actions *ex contractu* and *ex delicto,* though more frequently in the latter, where from the nature of the case no element of greater certainty appeared, and the actual damages must be more or less a matter of opinion; and where, as in the present case, though somewhat inconclusive, it was the best evidence the nature of the case admitted."

Plaintiff was asked by her counsel what the food for her boarders cost her, but her answer was ex-

cluded on the objection of defendant's counsel. This question was perfectly proper and would have given defendant the information in regard to plaintiff's profits with more particularity. Having objected, defendant is precluded from complaining that the question in regard to the loss of profits was too general. *American Enameled Brick & Tile Co.* v. *Brozek,* 251 Mich. 7, 10.

Defendant further objects to statements in the charge of the court. These statements are preceded by the court saying that they are what plaintiff claims. The court sets forth with equal force what the defendant claimed. There is no merit to defendant's claim of error. As has been so frequently said, the charge as a whole must be read in order to determine whether there is error or not.

It is further claimed that the court erred in stating that the collision occurred within the residential district of Plainwell, where the speed limit is 20 miles an hour. It is claimed that defendant drove his car at a greater rate of speed. It was shown that the accident occurred within the village of Plainwell, outside of the business district, and that there was a residence almost at the point of the road where the accident occurred. Even if the court was in error in stating that this was the residential section of the village, it is nonprejudicial. The court charged the jury correctly in stating that it was the duty of defendant "to drive his car at a careful and prudent speed, having due regard to the traffic, surface, and width of the highway, and at a speed not greater than would permit him to bring said car to a stop within the assured clear distance ahead," etc. Defendant claimed error that the court did not state that it was equally the duty of each party to drive in this manner. The court

should have done so. However, there was no request to charge in this regard by defendant, nor did he ask that the charge be corrected or amplified. He cannot now complain.

The judgment is affirmed, with costs to plaintiff.

WIEST, C. J., and CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.