ROGERS *v.* YOUNGS.

INSURANCE—AUTOMOBILE INSURANCE—GARNISHMENT—LIABILITY OF
  INSURER ON UNPAID JUDGMENT AGAINST INSURED.
    Where automobile insurance policy provided that insurer would
      pay insured any loss covered by policy within 90 days from
      time amount of loss was determined, and it unsuccessfully
      defended negligence action against insured, it is liable as
      garnishee defendant on said undischarged judgment; its
      claim that insured has sustained no loss because he has not
      paid judgment being without merit (following *Kipkey* v.
      *Casualty Ass'n of America,* 255 Mich. 408).

Appeal from Allegan; Miles (Fred T.), J.   Submitted October 23, 1931.   (Docket No. 202, Calendar No. 36,068.)   Decided December 8, 1931.

Garnishment proceedings by Amelia Rogers against Central Mutual Auto Insurance Company, a Michigan corporation, garnishee defendant, under a judgment against Ralph Youngs, principal defendant.   Judgment for plaintiff.   Garnishee defendant appeals.   Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*Mason, Alexander, McCaslin, Cholette & Mitts,* for garnishee defendant.

WIEST, J.   Upon a judgment, affirmed by this court (*Rogers* v. *Youngs,* 252 Mich. 420), plaintiff sued out a writ of garnishment against the Central Mutual Auto Insurance Company, defendant Youngs' insurance carrier.

The insurance company denied liability, asserting that it indemnified defendant Youngs against loss only and he has suffered no loss because he has not paid the judgment. In other words, the insurance company contends that, under the terms of the policy, it owes defendant Youngs nothing and will not owe him anything unless and until he pays the judgment.

Judgment to the contrary was entered, and defendant insurance company prosecutes this appeal.

The policy in the instant case was an undertaking to "Indemnify the assured against loss by reason of legal liability to others for bodily injuries." It required immediate written notice of an accident and of any suit and promised to defend and stand the expense, inclusive of court costs and interest accruing after judgment.

It promised to pay the assured any loss covered by the policy "within 90 days from the time the amount of such loss shall have been determined."

It defined the word "indemnify" to mean to reimburse, and it provided that:

"No action shall lie against the company to recover under any claim or for any loss defined herein unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by judgment against the assured, after trial, or by agreement between the assured and claimant, with the written consent of the company."

And:

"The company may investigate all accidents covered by this policy and defend in the name and on behalf of the assured."

Mr. Youngs notified the insurance company of the accident and of the suit against him, and the com-

pany employed counsel, defended the suit in the circuit court, and prosecuted review in this court.

After judgment in the circuit court we decided a like issue and contention in *Kipkey* v. *Casualty Association of America,* 255 Mich. 408. The opinion in that case is readily accessible, considers every point in this case involved, and we reaffirm what we there said. Under that holding, the garnishee defendant herein is liable.

The judgment is affirmed, with costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.