CARD *v.* NEMECEK.

1. APPEAL AND ERROR—CONFLICTING TESTIMONY—VERDICT ESTABLISHES FACTS.

   Verdict is accepted as establishing facts, where testimony thereon is in direct conflict.

2. ACTION—JOINDER OF ACTIONS—COURTS.

   The statute authorizing joinder of actions does not impliedly intend that the courts should be granted authority to do more than require consolidation of actions which may be joined at common law as modified by statute (CL 1948, § 608.1).

3. SAME—JOINDER OF ACTIONS—COURTS—STATUTES—TORTS.

   The statute authorizing joinder of actions by a court does not extend to cover the compulsory joinder of an action by plaintiff

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 888.
[2] 1 Am Jur, Actions § 92.
[3-7] 1 Am Jur, Actions § 94.
[3-7] Propriety of consolidation for trial of actions for personal injuries, death, or property damage arising out of same accident. 104 ALR 62.
[8] 5 Am Jur, Automobiles § 616.
[9] 5 Am Jur, Automobiles § 401.
[10] 39 Am Jur, New Trial § 30; 14 Am Jur, Costs § 10.

husband against defendant motorist and owner of car for personal injuries and property loss with action by plaintiff wife against same defendants for personal injuries received in the same accident (CL 1948, § 608.1).

4. SAME—CONSOLIDATION—CONSENT—TORTS.
Two cases by different plaintiffs for damages in tort may not be consolidated without the parties' consent even when they arise out of the same accident (CL 1948, § 608.1).

5. SAME—JURY—CONSOLIDATED CASES—PREJUDICE—EVIDENCE.
A plaintiff is not allowed to prove the arguments of jurors during their deliberations, hence is barred from a showing of what actual prejudice to his case resulted because of the consolidation of his case with that of his wife against same defendants, pursuant to order of the trial court, made over plaintiff husband's objections (CL 1948, § 608.1).

6. SAME—CONSOLIDATION OF CASES—PREJUDICE.
A strict showing of prejudice should not be required on the part of a plaintiff whose action is required to be consolidated with the action of another person by the trial court, where the legislature has not seen fit to grant courts authority to compel consolidation in all instances where 2 plaintiffs suffer damage arising out of the same accident (CL 1948, § 608.1).

7. SAME—CONSOLIDATED CASES.
Plaintiff husband was prejudiced in his action against defendant motorist by the enforced joinder and trial of his wife's action against the same defendant for injuries she received in same accident as that in which husband suffered damages (CL 1948, § 608.1).

8. AUTOMOBILES—OWNERSHIP—EVIDENCE—PREJUDICE—POSSESSION.
Admission of immaterial testimony of defendant father that while title to car driven by defendant son was in father that the son had paid for it and had it in his possession *held*, prejudicial error in action by injured motorist for injuries sustained in collision at street intersection, where father's answer had admitted ownership and liability as a matter of law and effect of such testimony would be to create sympathy for a party to the case.

9. SAME—INSTRUCTIONS—CONSENT.
Instruction that if jury should find for plaintiff or either of them that verdict should be against both defendants, a motorist and his father in whose name the title of the car stood, because the

father is recognized in law as the owner, was prejudicial error for leaving out essential element of the father's consent to the son's driving the car (CL 1948, § 256.29).

10. NEW TRIAL—SEPARATE TRIAL.

Plaintiff husband is granted a new trial separate and apart from his wife's case, where trial court erroneously ordered her case consolidated with his and improperly admitted immaterial testimony of defendant over plaintiff's objections.

BUTZEL, BUSHNELL, and SHARPE, JJ., dissenting.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 3, 1951. (Docket No. 2, Calendar No. 44,960.) Decided December 3, 1951.

Case by Harold A. Card against Francis Nemecek and Otto L. Nemecek for damages suffered as a result of an automobile accident. Action of plaintiff's wife, Annette Card, against the same defendants was ordered consolidated with plaintiff's over his objection. Verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded for new trial for plaintiff husband.

*Mitts & Smith*, for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal*, for defendants.

REID, C. J. Plaintiff brought his action against the 2 defendants to recover damages for injuries to his person and to his automobile and loss of use of automobile, all occurring as the result of a collision between plaintiff's automobile and an automobile owned by defendant Francis Nemecek and, with said defendant's consent, driven by his son, defendant Otto Nemecek.

From a verdict by the jury and judgment thereon for defendants, plaintiff appeals.

Consolidated with this suit for purposes of the trial by order of the court against plaintiff's objection, was also the suit brought by plaintiff's wife, Annette Card, against the same defendants for her personal injuries caused by the same accident.

The intersection of Jefferson avenue and Cherry street in Grand Rapids is controlled by an automatic overhead traffic signal which has a 60-second cycle showing green for 25 seconds on Cherry and 35 seconds on Jefferson, with an amber or caution light that shows for 3½ seconds as the light changes from green to red. The light was working properly on October 11, 1948. At about 5:20 p. m. of that day, the plaintiff Harold Card was driving his Packard automobile in an easterly direction on Cherry street approaching Jefferson. His wife Annette Card was sitting in the front seat with him. At that same time the defendant Otto Nemecek was driving a Chevrolet automobile, owned by his father defendant Francis Nemecek, in a southerly direction on Jefferson avenue approaching Cherry. The 2 cars continued to a collision in the intersection of these 2 streets, the impact being between the front end of the Nemecek vehicle and the center (or to the rear of the center) of the left side of the Card vehicle.

The condition of the traffic signal at the time of this accident is in sharp dispute. Plaintiff claims and produced credible witnesses to prove that the traffic light was green in his favor as he entered the intersection. Defendants claim and offered testimony to prove to the contrary that the traffic light was green in defendant's favor as he entered the intersection. We cannot say that the testimony in favor of plaintiff is overwhelming and must accept

the verdict as establishing the facts so far as our decision is concerned.

Plaintiff claims erroneous the court's order made before trial and against plaintiff's objection, consolidating his case for trial with that of his wife against the same 2 defendants for her personal injuries, in the same accident. After the trial was had of the consolidated cases and verdict rendered, the court found that plaintiff Annette had been prejudiced by the consolidation, and the court set aside the verdict as to her, gave her a separate new trial and rendered judgment on the verdict against plaintiff Harold.

Defendants claim that the general powers granted courts are such as to include the right to order consolidation of 2 cases with different plaintiffs against the same 2 defendants for damages arising from the same collision.

Defendants cite and rely on decisions as to consolidation of cases, in Federal and State courts, where statutes differing from our statute are in effect.

Defendants do not claim that the statute, hereinafter quoted, gave the court any right to consolidate the 2 cases without consent of both plaintiffs.

While we have had occasion to note that in many instances, 2 cases with different plaintiffs arising out of the same collision have been consolidated by consent of the parties, still we have not determined that such consolidation may be ordered without the consent of the plaintiffs.

It is clear that the common law did not sanction the consolidation of actions by diverse plaintiffs without their consent. The legislature enacted a statute incorporated in the revised statutes of 1846, which (after successive amendments) was later, in an amended form, incorporated as a part of the

judicature act of 1915, which part of the judicature act is as follows:

"The plaintiff may join in 1 action, at law or in equity, as many causes of action as he may have against the defendant, but legal and equitable causes of action shall not be joined; but when there is more than 1 plaintiff, the causes of action joined must be joint, and if there be more than 1 defendant, the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice, or when several suits shall be commenced against joint and several debtors, in the same court, the plaintiff may, in any stage of the proceedings, consolidate them into 1 action. *If it appear that any such causes of action cannot be conveniently disposed of together, the court may order separate trials, or whenever several suits shall be pending in the same court, by the same plaintiff against the same defendant, for causes of action which may be joined, the court in which the same shall be prosecuted may, in its discretion, order the several suits to be consolidated into 1 action.*" CL 1915, § 12309 (CL 1948, § 608.1 [Stat Ann § 27.591]). (Italics supplied.)

The words which are not italicized in the above quotation from the statute all relate to what plaintiffs may do, while the words which are italicized contain a grant of authority to courts as to *consolidation* of cases. Impliedly, the legislature intended that the courts should go no further than such grant and the common law as thereby modified.

We are not to extend the terms of such statute beyond necessary inferences. The statute cannot be extended by any reasonable inference to cover the consolidation in question in the instant case. It is not contended that the statute authorizes the consolidation order in the instant case. Decisions in other States and Federal courts where there is a

statute differing from ours, or no statute, as to consolidation, are not controlling.

In *Bostrom* v. *Jennings,* 326 Mich 146, a plaintiff husband sued in his individual capacity to recover for his own damages and as administrator of his deceased wife's estate joined a cause of action to recover for damages for her personal injuries resulting in her death. In both the prevailing opinion at page 158 and the dissenting opinion at page 168, it was held that such 2 causes of action may not be joined in 1 suit. Plaintiff in the *Bostrom Case* was required to present his different causes of action in 2 suits.

The *Bostrom Case* while not controlling the instant case, is authority for the proposition that plaintiff Card and his wife had no right to join their separate causes of action in 1 suit.

Defendants in this case claim plaintiff was not shown to have been prejudiced by the consolidation, but plaintiff is not permitted to show the arguments of jurors over their verdict nor offer the affidavit (nor testimony) of a juror as to what influenced his mind to render the verdict. Confusion of mind on the part of 1 or more jurors is very often caused by added complexity of issues. Jurors can take a dislike to an added litigant. In this case plaintiff sought to recover from the defendants for damages for his personal injuries, secondly, for damages to his car and loss of the use of it, and jurors would naturally take a dislike to an added third drive against the funds of defendants by the inclusion of the wife's case for damages for personal injuries. Jurors often regard the husband and wife as having but a common pocketbook.

A strict showing of prejudice should not be required where the legislature over a century of successive enactments, has seen fit for evidently sufficient reasons, not to grant authority to make the

consolidation made in this case. From the entire record in this case it is fairly to be inferred that plaintiff was prejudiced by the consolidation.

Plaintiff complains of the ruling of the court against plaintiff's objection permitting defendant Francis Nemecek to testify that while the title to the automobile driven by his son, defendant Otto L. Nemecek, stood in his (the father's) name, still the son Otto paid all the money for the automobile, has always had it in his, the son's possession and that he, the father, was on his farm near East Jordan (possibly 170 miles away) at the time of the accident and that he, the father, knew nothing about it, until his son, "called us up and told us he had an accident." Plaintiff objected to such testimony and the court ruled it immaterial but still permitted the testimony to be given.

The declaration alleged that the title stood in the father's name and that the son (defendant Otto) was driving the automobile with his father's consent at the time of the collision, which allegations were admitted by the answer. Defendants' counsel admitted that the legal title stood in the father's name and that the father was the owner as long as the title stood in his name. Defendants claim that they wanted to show by the father's testimony that the son (defendant Otto) was not driving a borrowed car but the father's ownership was expressly disclosed by the declaration and answer, and no claim had been made that the son Otto was driving a car borrowed from a third party.

There was no legitimate purpose whatsoever to be served by the father's testimony above referred to. It could only serve to instill into the minds of the jury the thought that it would be unjust to call the father guilty under such circumstances.

Later the court erroneously charged the jury,

·., "So far as the liability of the defendants is con-
cerned, if you should find for the plaintiffs or either
1 of the plaintiffs, the verdict should be against
these 2 defendants, because so far as the law is con-
cerned, the law recognizes that the father who has
the title to this car was the owner of it at that time
and that this young man was the driver of it."

While this charge corrected a false impression
that the son was the owner of the car, yet the court
erroneously left out the essential element of the
father's consent to his son's driving the car.*

If the *consent* had been recited to the jury it would
have removed the impression that the father had
done nothing to make him responsible for the acci-
dent, and was merely *technically* responsible for the
accident.

The court nowhere in his charge recited the ad-
mitted consent of the father, nor did he instruct the
jury to disregard sympathy arising from admission
of testimony that the father was many miles away
from the scene of the accident, had not paid for the
car and never had it in his possession.

The testimony as to liability was in sharp dispute,
thus making it the more intolerable to admit im-
material testimony tending in any appreciable de-
gree to create sympathy for a party to the case.

The admission of the testimony of defendant
Francis Nemecek, above cited, was prejudicial er-
ror. In view of our decision, other claimed errors
need not be considered.

For the reasons above indicated of improper con-
solidation of cases and erroneous admission of
prejudicial testimony, the verdict is set aside. The
case is remanded to the trial court with instructions
to set aside the verdict and judgment appealed from
and grant plaintiff a new trial. Costs to plaintiff.

---

* See CL 1948, § 256.29 (Stat Ann § 9.1446).—Reporter.

BOYLES, NORTH, DETHMERS, and CARR, JJ., con-
curred with REID, C. J.

SHARPE, J. (*dissenting*). Harold A. Card and his
wife, Annette Card, began separate actions for dam-
ages growing out of an automobile accident that
occurred October 11, 1948. Upon motion of defend-
ants, the causes were consolidated, trial was had,
and issues were submitted to a jury resulting in ver-
dicts and judgments for both defendants.

Following the entry of judgments, plaintiffs filed
a motion for the entry of orders in their respective
cases setting aside the verdict and judgment and
granting new and separate trial. The trial court
granted the motion for a new trial in the case of
Annette Card, but denied the motion for a new trial
as to Harold A. Card.

In granting defendants' motion to consolidate the
2 cases for trial, the trial court in an opinion stated:

"The court has examined the declaration in both
cases. The claim of each plaintiff for damages
arises out of the same accident. Therefore, the tes-
timony as to the negligence of the defendants, if
any, will be exactly the same in both cases. This
plaintiff was a passenger in the car which was driven
by her husband. There is no reason why the cases
cannot be tried at the same time, nor why the jury
cannot return a separate verdict for each plaintiff.
By doing so, the time of the court, the jury, and the
attorneys will be saved to a great degree. There is
no advantage to be gained by either party by try-
ing the cases separately."

Plaintiff Harold A. Card appeals and urges that
the trial court was in error in consolidating both
cases over the objections of the plaintiffs. The trial
court recognized its error in consolidating Annette
Card's case with that of her husband and upon
motion granted her a separate trial. Appellant re-

lies upon *Bostrom* v. *Jennings,* 326 Mich 146, as authority for his claim that it was error to consolidate his case with that of his wife. We do not think the *Bostrom Case* is controlling of the issues in the case at bar. In the *Bostrom Case* we held that the statute relative to joinder of parties does not authorize the joinder of plural plaintiffs unless their causes of action be joint nor "permit plaintiff to join causes of action in more than one distinct right or capacity."

We think the real issue in this case is whether appellant was prejudiced by having his case tried with that of his wife. It is a well-established principle of law that the trial court has discretion in the granting of a new trial and will not be overruled in the absence of an abuse of discretion, see *Kellom* v. *City of Ecorse,* 329 Mich 303. In the case at bar, appellant's cause of action arose out of the same accident in which his wife suffered injuries. The testimony as to the acts of negligence on the part of defendant Otto Nemecek should be the same in both cases. In the absence of a showing of error resulting in prejudice to appellant it was not error to refuse a new trial to plaintiff Harold A. Card.

Appellant also urges that the trial court was in error in admitting testimony on the part of defendants to the effect that the automobile owned by defendant Francis Nemecek was paid for and used exclusively by and actually owned by defendant Otto Nemecek. The trial court instructed the jury as follows:

"I think I may say to you, however, that so far as the liability of the defendants is concerned, if you should find for the plaintiffs or either 1 of the plaintiffs, the verdict should be against these 2 defendants, because so far as the law is concerned, the law recognizes that the father who has the title to this

car was the owner of it at that time and that this young man was the driver of it."

In our opinion the trial court was in error in permitting the defendants to introduce the evidence, but in view of the instruction given, the error was not prejudicial to the right of appellant.

Appellant also urges that it was error to charge the jury that it was the duty of Harold A. Card not to drive his vehicle at a greater rate of speed than would permit him to bring it to a stop within the assured clear distance ahead,* without also instructing the jury that such instruction applied equally to defendant driver. We think the rule announced in *Rogers* v. *Youngs,* 252 Mich 420, where a like situation existed, is controlling. In that case we said:

"Defendant claimed error that the court did not state that it was equally the duty of each party to drive in this manner. The court should have done so. However, there was no request to charge in this regard by defendant, nor did he ask that the charge be corrected or amplified. He cannot now complain."

In the case at bar, plaintiffs' counsel presented no requests relative to the assured clear distance rule and by virtue of the above authority appellant is now precluded from complaining.

Other errors are alleged in the charge to the jury. We have examined them, but do not find in them any prejudicial error. We have often said that the charge as a whole must be read in order to determine whether there is error or not. In our opinion the charge fairly presented the issues to the jury.

It is also urged that the trial court was in error in refusing to grant a new trial because of the misconduct of one of the jurors. It appears that dur-

* See CL 1948, § 256.305 (Stat Ann 1947 Cum Supp § 9.1565).— REPORTER.

ing a recess in the trial, Otto L. Nemecek was standing in the corridor with his father, Francis Nemecek, when one of the jurors came up and asked him if he had insurance, to which no reply was made. Defendants' attorney reported the incident to the trial judge and moved for a mistrial. In the absence of the jury, Otto Nemecek was called upon to testify relative to the incident. The following occurred after his testimony was taken:

"*Mr. Phelps:* May it please the court, on the basis of that I move for a mistrial in this case. I think it is highly improper for jurors to entertain questions of insurance. I am calling it to the court's attention now so it can't be charged we withheld the information.

"*Q.* Mr. Nemecek, you immediately came in and told me after it happened?

"*A.* Yes.

"*The Court:* The thing I am most concerned in, did you make any reply whatsoever, either in the affirmative, an audible reply, nod your head or any reply, affirmative or negative?

"*A.* I did not: I just walked away.

"*Mr. Phelps:* That very fact that he did ask him that and he walked away would of course give the juror some suspicion that he did have insurance, if the court please. Well the thing just shouldn't happen: it just shouldn't happen in a case like this.

"*The Court:* Well if that is all that occurred, and if the witness states that is all that occurred, I question whether the court can direct a mistrial. What is your attitude, Mr. Mitts?

"*Mr. Mitts:* I can see nothing about it that is prejudicial one way or the other. That question is in the minds of all juries, they know it all the time.

"*Mr. Phelps:* Well you put it in their minds by the method of examining the jury that you indulged in, I will concede that.

"*Mr. Mitts:* I grant I could have put it in a lot worse, if you want to know the truth about it; I could

have asked them whether any one of the jurors were members of the Automobile Mutual Insurance Company; I didn't even go that far.

"*The Court:* Well, I presume that probably is a question in the minds of most of these jurors in the trial of every personal injury case. I don't know how you can take curiosity out of their minds. I have cautioned the jury at the very beginning of the term never to go out in the hallway and converse with anyone.

"*Mr. Mitts:* I suggest that we excuse Mr. Joling, if there is any question about it, and try it with 11.

"*The Court:* Well of course, if he hasn't received any information, there probably hasn't any particular damage been done. Well, you may recall the jury."

In view of the fact that plaintiffs' counsel opposed the granting of a mistrial shortly after the incident happened, we are of the opinion that appellant is not now in a position to take an opposite attitude. Moreover, the inquisitiveness of 1 juror as shown under the facts in this case does not constitute grounds for a new trial.

The judgment should be affirmed, with costs to defendants.

Butzel and Bushnell, JJ., concurred with Sharpe, J.