BLUMENTHAL v. BERKLEY HOMES, INC.

1. ACTION—CONSOLIDATION—CONVENIENT ADMINISTRATION OF JUS-
TICE.
 The statute permitting the consolidation of actions was enacted
 to promote the convenient administration of justice (CL 1948,
 § 608.1).

2. SAME—CONSOLIDATION—DISCRETION OF COURT.
 The ordering of consolidation of actions is discretionary with
 the trial court (CL 1948, § 608.1).

3. SAME—CONSOLIDATION—PREJUDICE.
 Consolidation of actions should not be granted, if either party
 is prejudiced by the act of consolidation (CL 1948, § 608.1).

4. SAME—CONSOLIDATION—FRAUD—ACCUMULATION OF EVIDENCE—
PREJUDICE.
 Order consolidating 8 actions by different plaintiffs against
 the same defendants for fraud and misrepresentation in the
 sale of 8 different houses at different times and in each of
 which a different amount of damages was claimed constituted
 an abuse of discretion on the part of the trial court, since
 the defendants would be prejudiced by the fact that the
 same jury heard an accumulation of evidence that it would
 not be subjected to if the cases were tried separately (CL
 1948, § 608.1).

Appeal from Oakland; Holland (H. Russel), J.
Submitted January 4, 1955. (Calendar No. 46,158.)
Decided March 9, 1955.

Case by Leonard Blumenthal and Beatrice Blum-
enthal against Berkley Homes, Inc., a Michigan cor-

---

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 1 Am Jur, Actions § 92.

poration, and Harry Green for damages because of alleged faulty construction of house. Similar actions by 7 other parties and their wives. Cases ordered consolidated for trial upon motion of plaintiffs. Defendants appeal. Reversed and remanded.

*Kasoff & Young,* for plaintiffs.

*Donald W. Grant,* for defendants.

Sharpe, J.   The plaintiffs, 8 veterans and their wives, purchased individual homes under the provisions of the G.I. bill of rights from the defendants who had constructed these homes. The homes are located in the city of Oak Park, Oakland county, Michigan. Plaintiffs instituted separate actions at about the same time against defendants. The declarations and amended declarations in each case are identical except for the nature and amount of damages claimed in a bill of particulars filed in each cause. In the case of Blumenthal v. Berkley Homes, Inc., and Harry Green, jointly and severally, the bill of particulars filed shows as follows:

| | |
|---|---:|
| "Defective bathroom floor | $   50.00 |
| Sagging steel beam in basement | 20.00 |
| Cracked archway | 35.00 |
| Cracked slabs in front walk | 35.00 |
| Defective asbestos siding | 1,000.00 |
| Caulking | 15.00 |
| Defective flooring throughout house | 250.00 |
| Defective kitchen flooring | 50.00 |
| | $1,455.00" |

The stipulation filed in the several cases in part shows:

"That in addition to the items and amounts of damages claimed by plaintiffs in Blumenthal, et al. *v.*

Berkley Homes, Inc., et al, the following is a list of the amounts of damages claimed by each of the plaintiffs in the other 7 cases:

"Robert Klug and Rose Mary Klug, his
wife .......................... $1,900
John Yarmak and Mary Ann Yarmak, his
wife ..........................   1,685
James Hatter and Thelma Hatter, his
wife .......'..................   1,630
Clifford L. Mortimer and Barbara A.
Mortimer, his wife ...............   1,950
Jerry Festerman and Donna Festerman,
his wife ... ..................   2,085
James F. Landau and Virginia Landau,
his wife ......................   1,970
Robert E. Reum and Verlyn Reum, his
wife ..........................   1,690"

It also appears that separate demands for trial by jury were filed by plaintiffs in each of the 8 cases. On March 1, 1954, a motion to consolidate the causes of action for trial was made by counsel for plaintiffs, the reasons given are in part as follows:

"That each of the above-entitled cases involve similar subject matter and could conveniently be tried together.

"That heretofore a separate appeal was taken by each of the above-named plaintiffs to the Supreme Court of the State of Michigan from a judgment of dismissal entered by the Honorable H. Russel Holland and the Supreme Court, on motion of the plaintiffs, permitted consolidation of said cases in the Supreme Court for the purpose of said appeal.

"That a uniting of the above causes of action in 1 trial would promote the convenient administration of justice.

"That the proofs in each of the above individual cases are repetitious and would be similar in nature, and this court and a jury could pass upon the merits

of each of the above individuals' claims against the defendants in 1 trial, equally as well as though each cause was tried separately.

"That consolidation of causes of action are permitted by the statutes of the State of Michigan, and in particular  *  *  *  CL 1948, § 608.1 (Stat Ann § 27.591)."

On March 16, 1954, an order was entered consolidating the causes for trial. Upon application an order was entered in the Supreme Court granting leave to appeal.

Defendants appeal and urge that the trial court erred in consolidating the 8 cases for trial over the objection of defendants. The reasons for opposing consolidation is stated in defendants' brief:

"An intolerable situation would be presented in attempting to instruct the jury in the consideration of evidence which may be applicable in one case and excluded in another and in applying defenses that exist in one case and not in another. *There can be little doubt that if these cases were tried separately, counsel for plaintiffs would be forbidden to make any reference to the fact that other cases of the same nature were pending against defendants on the pain of having a mistrial declared, for the only purpose that could be served by the admission of such evidence would be to prejudice the minds of the jury against the defendants. Yet that very same situation will occur if defendants are required to defend all 8 of these cases before the same jury.*"

The statute relative to the joinder, severance and consolidation of actions is found in CL 1948, § 608.1 (Stat Ann § 27.591), and provides:

"The plaintiff may join in 1 action, at law or in equity, as many causes of action as he may have against the defendant, but legal and equitable causes of action shall not be joined; but when there is more than 1 plaintiff, the causes of action joined must be

joint, and if there be more than 1 defendant, the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice, or when several suits shall be commenced against joint and several debtors, in the same court, the plaintiff may, in any stage of the proceedings, consolidate them into 1 action. If it appear that any such causes of action cannot be conveniently disposed of together, the court may order separate trials, or whenever several suits shall be pending in the same court, by the same plaintiff against the same defendant, for causes of action which may be joined, the court in which the same shall be prosecuted may, in its discretion, order the several suits to be consolidated into 1 action."

Plaintiffs urge that the legal issues and factual questions in each of these cases are of an identical nature; that the trial of them separately would require a multiplicity of suits, repetition of identical testimony and a much greater period of time before the trial court, and that the empaneling of 8 separate juries would not promote the convenient and orderly administration of justice.

We have taken the position that the above-quoted statute was enacted to promote the convenient administration of justice, and that the ordering of consolidation is discretionary with the trial court. The propriety of consolidation of cases is to be determined by the state of facts existing prior to the consolidation. In *Higdon* v. *Kelley,* 339 Mich 209, 220, we said:

"It is, therefore, within the trial court's discretion to order the consolidation of actions where the same legal and factual issues are involved, where the same testimony applies, and where the consolidation will not prejudice either party. Under the terms of the statute, the consolidation must unite causes of ac-

tion which may, in the first instance, be joined. The statute provides that causes of action may be joined by plaintiffs where that result would promote the convenient administration of justice. See *Goodrich* v. *Waller,* 314 Mich 456, and *Gilmer* v. *Miller,* 319 Mich 136."

If either party is prejudiced by the act of consolidation, then consolidation should not be granted. See *Card* v. *Nemecek,* 331 Mich 614. In determining whether consolidation should be ordered, reference must be made to the pleadings in the several causes. In the case at bar Leonard and Beatrice Blumenthal's declaration alleges in part as follows:

"That prior to the said purchase and during the negotiations therefor, the plaintiffs made inquiries of the defendants and their duly authorized agents as to the type, nature and quality of the construction and materials used, and were informed by the defendants and their duly authorized agents that the said dwelling was constructed in a good and workmanlike manner and that the materials used were of an excellent and proper quality and that the aforesaid home was being built in accordance with the building requirements of the city of Oak Park and the specifications of the Veterans Administration.

"That the defendants and their duly authorized agents did make said representations with the intention that they be acted upon by the plaintiffs, who did in fact act and rely upon the same to their injury, as is more particularly hereinafter set forth.

"That the said representations were false and fraudulent and were known to be false and fraudulent by the defendants and their duly authorized agents at the time they were made, for that whereas they represented said dwelling to have been built in a competent and workmanlike manner and sound in all respects, and materials used to be of good and

proper quality, it was in fact built in a shoddy and poor and unworkmanlike manner and that the materials used therein were inferior to those normally used in a house of like type, cost and size. .

"That the said defendants and their duly authorized agents did fraudulently conceal from the plaintiffs' the fact that the said dwelling was built in a shoddy and unworkmanlike manner and that the materials used were of an inferior grade, knowing that if they had disclosed the truth of the matter to the plaintiffs, said plaintiffs would not have bought the said premises."

It should be noted that the basis upon which plaintiffs base their action is the fraud and misrepresentation upon the part of defendants.

In the case at bar each of the plaintiffs is asserting the right to recover damages from the defendants because of fraud and misrepresentation. It is also true that none of the plaintiffs has any interest in the action of the 7 other plaintiffs as each contract for the sale of property was made to each plaintiff at different times and in 4 cases for a different price. In each case the amount of damages claimed is different.

. In the trial of the consolidated cases, each plaintiff would have the benefit of the fraud and misrepresentation accumulated from the evidence produced in all of the cases. While the trial court would undoubtedly instruct the jury that it could not be so considered, yet, in the consideration of the cases, the jury would hear an accumulation of evidence that it would not be subjected to if the cases were tried separately. We think that under the circumstances of this case defendants would be prejudiced. It follows that the trial court abused its discretion in ordering a consolidation.

The judgment is reversed and the cause remanded

for trial as separate causes of action. Defendants may recover costs.

CARR, C. J., and BUTZEL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.

SMITH, J., took no part in the decision of this case.