PAPCUM v L R JACOBS CONSTRUCTION COMPANY

REGAN v L R JACOBS CONSTRUCTION COMPANY

Docket Nos. 78-5288, 78-5289. Submitted December 11, 1979, at Detroit.—Decided March 4, 1980. Leave to appeal applied for.

Thomas Papcum and his wife and Fred B. Regan and his wife started separate actions against L. R. Jacobs Construction Company claiming that the basements in their respective homes, both of which were constructed by the defendant, began to leak shortly after purchase, with that condition worsening despite defendant's attempts to correct the situation. The theories of relief and the relief sought were identical in the two actions. The defendant filed in each action an identical counterclaim for damages to its reputation, contending that each lawsuit was unwarranted. Plaintiffs moved to consolidate the two actions for trial. The Macomb Circuit Court, Kenneth N. Sanborn, J., granted the motion to consolidate. Defendant appeals by leave granted. *Held:*

1. Consolidation for trial of separate actions should not be ordered if a substantial right of a party would thereby be prejudiced or if the consolidation would result in confusion of the jury.

2. The question of whether there should be consolidation for trial of separate actions is a question addressed to the sound discretion of the trial court. The Court of Appeals will not overturn the action of the trial court unless an abuse of discretion on the part of the trial court is clearly shown.

3. Since the two actions raised common questions of law and fact and since there was no showing that consolidation for trial of the two actions would prejudice defendant or lead to undue confusion of the jury, no abuse of discretion on the part of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Actions § 156 *et seq.*

[2] 1 Am Jur 2d, Actions § 157.

    Appealability of state court order granting or denying consolidation of actions. 77 ALR3d 1082.

[3] 1 Am Jur 2d, Actions § 158.

trial court warranting reversal of the order of consolidation has been shown.

Affirmed.

1. ACTIONS — CONSOLIDATION OF ACTIONS — PREJUDICE — COURT RULES.

   Consolidation for trial of separate actions should not be ordered if a substantial right of a party would be prejudiced or if confusion of a jury would result (GCR 1963, 505).

2. ACTIONS — CONSOLIDATION OF ACTIONS — DISCRETION — APPEAL AND ERROR — COURT RULES.

   The question of whether there should be consolidation for trial of separate actions is a question addressed to the sound discretion of the trial court which will not be overruled by the Court of Appeals unless an abuse of discretion is clearly shown (GCR 1963, 505).

3. ACTIONS — CONSOLIDATION OF ACTIONS — DISCRETION — COURT RULES.

   A trial court's order consolidating for trial separate claims brought by home owners against the builder is not an abuse of discretion where the plaintiffs' claims and the defendant's counterclaim raised common questions of law and fact, where no substantial prejudice to the parties was shown and where there was little likelihood of jury confusion (GCR 1963, 505).

*Law Offices of Joseph E. Mihelich* (by *Carl F. Gerds, III),* for plaintiffs.

*Schwartz, Juneau & Diskin,* for defendant.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

P. C. ELLIOTT, J. Defendant appeals, by leave granted, a 1978 order of the circuit court which consolidates these cases for a joint trial, under GCR 1963, 505.

Plaintiffs are next-door neighbors who purchased new homes from the defendant builder in March and July of 1972. Both actions were begun in July

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1976 and sought identical relief on several identical theories. Both couples claim their basements began to leak soon after purchase and that the condition worsened over the years while defendant tried from time to time to correct the situation. One of the homeowners finally hired someone else. The same lawyers represent the parties in both cases. The witnesses will be nearly the same in each case, and the same expert will testify for the plaintiffs in each case. In each case, the defendant has filed a counterclaim for damages to its reputation, contending that each lawsuit is unwarranted and malicious.

The cases involve common questions of law. What warranties are implicit in a sale of a new home? What standard of care applies to a general contractor during construction and repair? When does the law permit recovery of exemplary damages, by counterclaim, if a lawsuit is unwarranted? There are questions of fact common to each case. Were the defendant's basement plans and specifications adequate? Did it hire and supervise subcontractors properly? As to the counterclaim, there is the common question of: What is the extent of damages to defendant's business reputation because of these lawsuits?

As noted in the "Authors' Comments" concerning Rule 505 in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 365-366:

"Rule 505 is based upon Federal Rule 42. The qualifying words 'substantial and controlling' do not appear in the Federal Rule and they were not in the draft of the Rule 505 as it was submitted to the Supreme Court. * * * Thus these words were added by the Supreme Court, apparently to emphasize that the issue which is used as the basis of joinder must not be a trifling or inconsequential question. This is only a matter of em-

phasis and should not result in a significant departure from federal practice.

"* * * A question of law or fact should be considered 'substantial and controlling' if it is a proposition which must be established in order to sustain any one theory of the claim of defense. A question of law or fact does not cease to be 'substantial and controlling' simply because the disposition of other issues in a certain way might make it unnecessary to pass upon the common question of law or fact, although such a possibility might well be taken into consideration as one of the factors influencing the discretion of the court in deciding whether to grant consolidation."

The common questions of law and fact mentioned above are substantial and controlling.

Defendant claims that consolidation was sought by plaintiffs largely to avoid the expense of separate trials and that it was ordered by the court for that reason and to benefit its docket by disposing of two trials in one. If so, we see nothing wrong in that. The purpose of the Michigna rule, and of the Federal rule from which it is taken, is to achieve trial convenience and economy in administration, generally, and to avoid needless duplication of time, effort and expense. *De Figueiredo v Trans World Airlines, Inc,* 55 FDR 44, 46 (SD NY, 1971).

Consolidation should not be ordered if a substantial right of a party would be prejudiced significantly or if confusion of a jury would result. Balancing the benefits against the disadvantages to the court and parties is a matter requiring sound judicial discretion, and the exercise of that discretion will not be overrruled on appeal unless it is clearly abused.

"Consolidation under Federal Rule 42, like Michigan Rule 505, rests in the sound discretion of the trial court". 2 Honigman & Hawkins, *supra,* 365.

See *Kelley v Frank D. McKay Realty Co,* 34 Mich App 370, 378; 191 NW2d 123, 127-128 (1971), and *Dupont v Southern Pacific Co,* 366 F2d 193, 198 (CA 5, 1966), *cert den* 386 US 958; 87 S Ct 1027; 18 L Ed 2d 106 (1967).

We do not think jury confusion is likely. Juries are regularly called upon to keep separate in their minds facts that are far more complicated than those that will be presented in a joint trial of these cases. Nor has any substantial prejudice to defendant been shown. Perhaps a jury might be more inclined to find fault knowing that a similar problem exists next door; but, if separate trials were conducted, the jury would probably learn of the neighbors' lawsuit because that fact is at least relevant to the defense of the counterclaim.

In *Blumenthal v Berkley Homes Inc,* 342 Mich 36; 69 NW2d 183 (1955), eight dissatisfied new home buyers brought actions for fraud against the same contractor. Different defects were involved in each case, and the court assumed that, in separate trials, evidence of the other cases would be excluded. The consolidation order was reversed. That case does not control this one. In *Blumenthal,* the cumulative effect of otherwise inadmissible evidence of several other fraud claims, none of which were part of a single scheme or plan,[1] would have resulted in substantial prejudice, and the potential of jury confusion was multiplied by consolidation of eight cases, each claiming a variety of different building defects. Moreover, the *Blumenthal* case was decided before the present rule.

Being modeled on FR Civ P 42(a), our rule 505 should be given the same liberal interpretation as the federal rule; and Michigan decisions that preceded the rule may not now control.

[1] See MRE 404(b) and compare *Mason v Vogue Knitting Corp,* 365 Mich 552; 114 NW2d 154 (1962).

"Rule 505 differs from the prior statute in a number of significant features." 2 Honigman & Hawkins, *supra,* 363.

Affirmed.